## No. 4370.

THE STATE ex rel. ADELAIDE DEBLIEUX v. RECORDER OF MORTGAGES et al.

A party for whom a building is erected is not responsible for materials furnished to the contractor, if said party has not been notified of any claim against the contractor before payment according to the contract, and a detailed bill recorded according to law.

APPEAL from the Eighth District Court, parish of Orleans. *Dibble,* J. *C. E. Schmidt,* for relators and appellees. *Robert Preston* and *F. W. Baker,* for respondents and appellants.

Justices concurring: Ludeling, Taliaferro, Howell and Kennard.

HOWELL, J. The relator, Mrs. Deblieux, asks for a mandamus upon the Recorder of Mortgages to erase a privilege inscribed in the proper book in his office as resting upon her property in this city. The Recorder of Mortgages caused the creditors of the privilege, F. Fischer & Son, to be notified of the proceeding, and they appeared, excepted to the form of proceeding, and asserted a just and equitable claim against Mrs. Deblieux and one C. Travers, with a privilege on the buildings and property of Mrs. Deblieux, which claim is recorded in book 92, folio 264, and is for lumber furnished and used in the erection of said buildings.

The court below made the mandamus peremptory, and Fisher & Son appealed.

The facts are that Mrs. Deblieux entered into a contract with the said C. Travers to erect certain buildings on her property according to certain specifications, and payments to be made at particular stages in the progress of the work. This contract was recorded. When the first installment was due Mrs. Deblieux paid it in accordance with the terms of the contract, and Travers, the contractor, abandoned the work and left the city, and on the same or the next day a member of the firm of Fischer & Son called on Mrs. Deblieux and informed her that the lumber used by Travers was furnished by them, and was unpaid for. They desired her to pay the bill, which was made out in Travers' name, and upon her refusal they caused it to be recorded with her name inserted.

This formality was unavailing in operating an incumbrance on the property of the relator. She did not owe the contractor anything, and had not been notified of any claim against the contractor before she paid him in accordance with her contract. Fischer & Son did not furnish her with the lumber and record a detailed bill thereof against her according to law. R. C. C. 3249, section 3, and 2773.

Judgment affirmed.

Rehearing refused.