(41 South. 648.)

No. 16,125.

WELLS et al. v. BLACKMAN.

In re WELLS et al.

(June 18, 1906.)

APPEAL—SUSPENSIVE APPEAL—PETITORY AC-
TION—BOND.

Act No. 22, p. 25, of 1904, provides that
the pendency of a suit affecting title to real
estate shall not be considered as notice to third
persons unless notice of the pendency of such
action shall have been registered. The only
change made by this law is that, formerly, third
persons had to take notice of the pendency of
the suit without registry, whereas, now, they
need take notice of it only after registry.
It follows that the registry of a notice under
this act does not have the effect of changing the
legal situation as it has stood heretofore, ac-
cording to which the bond for a suspensive ap-
peal from a judgment dismissing a petitory ac-
tion need not be for one-half over and above
the amount sued for, but only in such sum as
the judge may fix as sufficient to secure costs.

[Ed. Note.—For cases in point, see vol. 2,
Cent. Dig. Appeal and Error, §§ 2235–2240.]

(Syllabus by the Court.)

Application by E. M. Wells and others for
writs of mandamus and certiorari against
W. F. Blackman. ·Writ granted.

Robert Persifer Hunter and Francis Rivers
Richardson, for relators. Respondent Judge,
pro se.

PROVOSTY, J.  In this case the plaintiffs'
petitory action having been dismissed, the
judge of the lower court refused to fix the
amount of the bond to be given by plaintiffs
for a suspensive appeal, but left plaintiffs to
furnish bond "according to law"; that is, to
say in an amount exceeding by one-half the
amount for which judgment was given. Code
Prac. art. 575.

It is well settled that in such cases as this
the amount of the appeal bond must be fixed
by the court. Day v. Wright & Bailey, 116
La. 961, 41 South. 223.

But the learned judge a quo answers that,
taking advantage of Act No. 22, p. 25, of 1904,
the plaintiffs have recorded a notice of the
pendency of this suit, and that this has creat-
ed an incumbrance upon the property of de-
fendant, and that the appeal, by suspending
the effects of the judgment of dismissal,
maintains this incumbrance in full force, and
that, therefore, the amount of the appeal bond
should be "according to law."

Section 1 of said act reads as follows:

"Sec. 1. Be it enacted by the General Assem-
bly of the state of Louisiana, that, on and after
January 1st, 1905, the pendency of an action in
any court, state or federal, in the state of Lou-
isiana, affecting the title or asserting a mort-
gage or lien upon immovable property, shall
not be considered or construed as notice to third
persons not parties to such suit, unless a no-
tice of pendency of such action shall have been
made, filed or registered, in compliance with
this act."

Said Act No. 22 has brought no change in
our law, except that, whereas, formerly, third
persons dealing with property involved in
litigation had to take notice of the pendency
of the litigation without registry (article
2453, Rev. Civ. Code), now, under said act,
they are not required to do so, unless the
notice prescribed by the act has been duly
recorded.

It follows that the plaintiff and appellant
is entitled to have the amount of the bond
for a suspensive appeal fixed by the court, as,
if said registry had not been made.

It is therefore ordered, adjudged, and de-
creed that a writ of mandamus issue com-
manding Hon. J. B. Lee, judge ad hoc, in
place of Hon. W. F. Blackman, recused, as
Judge of the Thirteenth judicial district
court of Rapides, to fix the amount of the
suspensive appeal bond in the case of E. M.
Wells et al. v. W. F. Blackman, No. 6,816 of
the docket of said court.