Statement of the Case.
MONROE, J.
On December 2, 1905, W. H. Powell and J. W. Williams imposed a mortgage on blocks 24 and 25, in the Cavanaugh addition to the town of Leesville, and on the same day A. Lehman & Co. caused said blocks to be seized under an attachment issued against the same parties and others. On the following day, the bank caused the property to be seized under ex-ecutory process, and Lehman & Co., having subsequently obtained judgment by default in their attachment suit, intervened in the .proceeding via executiva, alleging that the mortgage had been given with knowledge of the attachment, and with intent to defraud the interveners, and praying that the sheriff be ordered to retain the proceeds of the property, when sold, and that they have judgment awarding the same to them. It appears, however, that the interveners, who, through their attorney, made a bid for the property at the offering under the writ of seizure and sale, failed to comply with their bid, and the writ was returned, “No sale;” whereupon interveners caused the property to be seized and advertised under a writ of fieri facias. The bank then sued out a writ of injunction, on the grounds that the intervention was still pending, and that interveners could not take property, already under seizure, out of the hands of the sheriff. Interveners then dismissed their intervention, filed an answer to the petition for injunction, alleging that they had attached the property in dispute on December 2, 1905; that the mortgage sued on by the bank was without effect, as against said attachment—
“for the reason that same was attempted after the attachment and notice of same had been served upon the mortgagors prior to the execution of said mortgage, and that the mortgagee * * * had knowledge of said attachment; that the said mortgagee did not accept said mortgage in good faith and confidence, as will be shown on the trial hereof — said mortgagee recognizing the prior right of your respondents in and to said property.”
On the trial of the case, as thus made up, there was some conflict in the testimony upon the question whether the attachment was levied before the registry of the mortgage, or vice versa. The judge a quo sustained the mortgage, and defendants in injunction prosecute the appeal.
Opinion.
[1,2] Counsel for appellants contend that, the writ of seizure and sale having been returned into court, there was nothing to prevent their seizing the property under the execution issued on their judgment, and we see no sufficient answer to that contention; for, even though the mortgage of the bank should be held to take precedence of the attachment, or though there had been no attachment, interveners, having obtained a judgment, had the right to have the property of their debtor seized and sold, provided it should bring a price sufficient to pay the recorded claims entitled to priority; and, the seizure having been abandoned, the intervention, in so far as it was intended to *859 control the destination of the proceeds of the sale to be made thereunder, fell with it. Counsel for the appellee contends that the failure of the defendants, as plaintiffs in attachment, to record a notice of the pendency of their suit in the manner required by Act No. 22 of 1904 deprives them of any advantage they might have had, even though their seizure had been made before the recording of appellee’s mortgage.
We are, however, of opinion that the contention cannot be sustained. The act referred to reads, in part, as follows:
“That * * * the pendency of ah action * * * affecting- the title or asserting a mortgage or lien upon immovable property shall riot be considered or construed as notice to third persons, not parties to such suit, unless a notice of pendency of such action shall have been made, filed, or registered, in compliance with this act. * * :S That the notice * * * shall be in writing, signed by the plaintiff or his attorney, stating the name of the court in which the suit has been filed, the title and number of the suit, date of filing the same, the object of the suit, and the description of the property sought to be affected thereby; and said notice shall be recorded in the mortgage office of the parish where the property to be affected is situated, and shall have effect from the date of filing.”
The attachment suit brought by interveners did not purport to affect, or, in fact, affect, the property in question; nor did the plaintiffs therein assert any mortgage or lien on said property; nor would it ordinarily be possible for a plaintiff in attachment to formulate a notice containing a “description of the property sought to be affected” — his object and the mandate, conveyed by the writ to the sheriff, being to seize any property belonging to the defendant that he may find. The statute in question, as we understand it, is intended to apply to cases in which the title to, or an interest in, immovable property may be involved, and of which-the world was formerly bound to take notice, though the law made no provision' therefor, and there was no outward sign of' defect in the title. There is, however, no' necessity, so far as we can see, for such a statute where property is actually in the-hands of the sheriff, under a writ of attachment, and, for the reasons stated, it seems, evident that the statute referred to can have-no application to such a case.
[3] Upon the main question, the preponderance of the testimony sustains the contention of the defendant that the attachment-was levied and the defendants in attachment, or, at least, one of them (Powell), notified' before the act of mortgage reached the office of the recorder; and it is well settled' that it is the hour or minute at which an attachment is levied which determines tbequestion of its priority. Gomila v. Milliken, 41 La. Ann. 116, 5 South. 548; Bank v. Ice Co., 105 La. 133, 29 South. 379.
It is therefore ordered, adjudged, and decreed that the judgment appealed from he annulled, avoided, and reversed, and that there-now be judgment in favor of A. Lehman &• Co., defendants in injunction, and against the First National Bank of Leesville, plaintiff in injunction, rejecting the demands of' said plaintiff, dissolving the injunction herein issued, and dismissing this suit at its. cost. It is further decreed that the writ of attachment issued at the instance of said, defendants be. maintained, and that defendants be recognized as entitled to a lien and privilege upon the property in dispute, and-upon the proceeds thereof when sold, resulting from the levying of said writ. It is-, further decreed that plaintiff pay all costs..