(102 So. 310)

No. 25140.

## RICHARDSON OIL CO. v. HERNDON.

(Nov. 3, 1924.  Rehearing Denied Dec. 1, 1924.)

*(Syllabus by Editorial Staff.)*

1. **Lis pendens** ⬅️**13—Assignee of oil lease with actual notice of original lessor's suit to annul lease bound to take notice of appeal.**

Assignee of oil lease whose assignment referred to contract with drilling company, which required it to obtain dismissal of original lessor's appeal in his suit to annul lease, had actual knowledge of such suit and was bound to take notice of subsequent lessee's appeal, though notice of suit was not recorded under Act No. 22 of 1904.

2. **Lis pendens** ⬅️**13—Failure to file notice does not render action ineffective against third person with notice.**

Act No. 22 of 1904, providing that pendency of action affecting immovable property shall not be construed as notice to third persons unless notice is made and filed, does not render the action of no effect against a third person where he has actual notice in view of Rev. Civ. Code, art. 2453, and Act No. 134 of 1898.

Appeal from First Judicial District Court, Parish of Caddo; E. P. Mills, Judge.

Action by the Richardson Oil Company against Joe Herndon. Judgment for defendant, and plaintiff appeals. Affirmed.

Wilkinson, Lewis & Wilkinson, of Shreveport, for appellant.

Herndon & Herndon, of Shreveport, for appellee.

By the WHOLE COURT.

ST. PAUL, J.  On October 23, 1916, Herndon, the defendant, executed an oil lease to one C. E. Dunson, on certain lands in Caddo parish, which lease was duly recorded December 20, 1916.

On May 30, 1917, Herndon brought his suit to annul said lease on the grounds, in substance, that same had been obtained by fraud, and that said Dunson had neither given any consideration, ·nor obligated himself to do anything nor done anything, which might stand as a consideration for said lease. No notice of lis pendens was recorded under the provisions of Act 22 of 1904, p. 25.

On July 25, 1917, Herndon once more leased said land, this time to one R. T. Layne, which lease was duly recorded August 14, 1917.

On July 30, 1917, Herndon's suit against Dunson was rejected by the district court, and on the same day said Herndon prayed for and was allowed an appeal.

The history of that appeal will be found in full in the reported case of Raines et al. v. Dunson, 143 La. 321, 78 So. 574. Suffice it to say that said appeal was dismissed, to wit, on April 29, 1918.

On May 1, 1918, Layne then took an appeal as a third person interested and aggrieved by said judgment (Code of Practice, art. 571). The history of that appeal is to be found in full in the second reported case of Raines et al. v. Dunson, 145 La. 525, 82 So. 690. Suffice it to say that on June 30, 1919, the lease to Dunson was annulled in so far as it affected the rights of said Layne.

Meanwhile one S. P. Harrell had acquired the lease made by Herndon to Dunson, and on September 17, 1917, had entered into a contract with the Clark & Greer Drilling Company to develop the land covered by said lease; the *consideration* for said "sublease and contract" being that the said Clark & Greer Drilling Company *should obtain the dismissal of the appeal taken as aforesaid*

*by said Herndon*, which said contract was duly recorded on September 26, 1917.

On May 2, 1918 (three days after Herndon's appeal had been dismissed as aforesaid, and one day after Layne had taken his appeal as aforesaid) Harrell assigned his said lease to plaintiff herein, Richardson Oil Company; the consideration being $2,500, and provision being made in said assignment, that "the said Richardson Oil Company agrees to protect the said S. P. Harrell against *the contract made by him with the Clark & Greer Drilling Company* for the development of the above described property." (Italics ours.)

### I.

Some time after the decision in 145 La. 525, 82 So. 690, by which the Dunson lease was annulled on Layne's appeal, plaintiff compromised with the Widow and Universal Legatee of said Layne and acquired her interest in said lease for the sum of $17,500.

Plaintiff now brings suit to recover of defendant the amount which he thus paid to Layne's widow in order to be quieted in the premises leased to Dunson, under whom plaintiff holds as aforesaid.

### II.

The defense is that plaintiff was fully aware at the time it acquired said lease that suit had been filed to annul the same, as aforesaid, and had acquired same at its own risk and hazard.

To which plaintiff rejoins that notice of said suit was not recorded under Act 22 of 1904, p. 25, aforesaid, and it was under no obligation to take notice of said suit even if otherwise known to it.

### III.

[1] We do not think that the Act of 1904 has any application to the case before us. That act provides that:

"The pendency of an action in any court, state or federal, in the state of Louisiana, affecting the *title*, or *asserting* a mortgage or lien upon immovable property, shall not *be* considered or construed as notice to third persons not parties to such suit, unless a notice of pendency of such action shall have been made, filed or registered * * * in the mortgage office of the parish where the property to be affected is situated. * * *" (Italics ours.)

In the case before us Harrell voluntarily interjected himself into said suit between Herndon and Dunson, by requiring the Clark & Greer Drilling Company to obtain the dismissal of Herndon's appeal. He, at least, cannot complain of want of notice as to said suit, since he voluntarily took notice thereof and contracted in reference thereto.

And in turn, plaintiff acquired the lease from said Harrell, taking cognizance at the time of the contract between him and said Clark & Greer Drilling Company, which contained the obligation on their part with respect to the suit pending between Herndon and Dunson; and thus voluntarily became a party to said contract by (in effect) assuming Harrell's obligation thereunder.

Plaintiff had therefore knowledge of the Herndon suit when it acquired the lease from Harrell; and was bound to take notice that, on the very day before, Layne had taken an appeal therein. Moreover, it is quite clear that plaintiff meant to, and did, take the risk of developing said lease regardless of said litigation. For Mr. Richardson testifies:

"Question: Mr. Richardson, were you not aware of the fact that suit had been brought by Mr. Herndon to void this lease? Answer: I don't think I was aware that any suit had been brought. I know that when S. P. Harrell sold me the lease he said something about some difficulty, but he didn't tell me what it was.

\*   \*   \*   \*   \*   \*   \*

"Question: Well then you were aware of the fact that this suit was pending before you did drilling? Answer: Yes, sir, I was aware of the fact that the suit was pending, but also was assured by Mr. Clark, who was—(Interrupted by an objection).

\*   \*   \*   \*   \*   \*   \*

"Question: Whatever development you had done, you knew the suit was pending when you were making that development? Answer: Yes,

sir, but I had assurances—(Interrupted by an objection)."

### IV.

The trial judge says, in part:

"In Wells v. Blackman, 117 La. 359, 41 So. 648, the Supreme Court said: 'Said Act No. 22 [of 1904, p. 25] has brought no change in our law, except that, whereas, formerly, third persons dealing with property involved in litigation had to take notice of the pendency of the litigation without registry (article 2453, Rev. Civ. Code), now, under said act, they are not required to do so.'

"In First National Bank v. Powell, 130 La. 856, 58 So. 687, it is held, that: 'The statute in question [Act No. 22 of 1904, p. 25] as we understand it, is intended to apply to cases in which the title to, or an interest in, immovable property may be involved, and of which the world was formerly bound to take notice, though the law made no provision therefor, and there was no outward sign of defect in the title. There is, however, no necessity, so far as we can see, for such a statute where property is actually in the hands of the sheriff, under a writ of attachment, and, for the reasons stated it seems evident that the statute referred to can have no application to such a case. * * *'

"I take it that what the court means, is that an actual seizure by the sheriff is actual notice to the whole world and does away with the necessity of registry [of notice of suit]; in other words, that where there is no necessity for notice by registry it is not required. * * *

"The Act [of 1904] simply provides that the mere filing of a suit affecting real estate or immovable property shall not be considered [or construed] as notice to third persons unless a notice of same is recorded. But where actual notice exists, there is no occasion to construe the filing of the suit as notice. * * *

"It is neither just nor equitable [reasonable] to require notice to be given where notice has already been received. Unless the act was clearly intended to require registry even as to parties having actual notice I see no good reason for stretching it to cover such a case."

### V.

[2] We think the trial judge has correctly interpreted the act in question.

Article 2453 of the Revised Civil Code of 1870, reads as follows:

Article 2453: "The thing claimed as the property of the claimant, cannot be alienated pending the action so as to prejudice his right. If judgment be rendered for him, the sale is considered as a sale of another's property, and does not prevent him from being put in possession by virtue of such judgment. * * *"

In other words, that law made the mere filing of the suit *constructive notice* to all the world that the plaintiff claimed the property, and thus charged every one, however innocent, with knowledge of that fact, with the ensuing consequence that he then purchased at his peril, even "though * * * there was no outward sign of defect in the title" of his vendor.

This law was thought too drastic in its application to large cities, and in 1898, an act (No. 134, p. 215) was passed providing that the pendency of an action in any state court within the corporate limits of a city of more than 50,000 inhabitants (i. e. New Orleans) should no longer be considered "or construed" as notice of such claim to third persons.

In 1904 the act was simply extended and made applicable to all actions in *any* court throughout the state, whether state or federal; but the language of the statute was preserved, to wit, "shall not be considered or *construed* as notice to third persons."

But, as the able and learned trial judge has justly observed, there is no reason or occasion to *construe* the filing of a suit as notice to a third person, i. e. to resort to *constructive notice*, when such third person has *actual notice*.

If the legislator had meant anything else than merely that the filing of such suit shall no longer be constructive notice of such suit, i. e. "shall not be considered or *construed* as notice to third persons," if he had meant that the filing of such suit should not "have any effect against third persons" or should not "affect third persons," he would have said so, as he did in articles 2264 and 3347 of the Revised Civil Code, providing for the registry and recording of all sales, mortgages, privileges, judgments, and other acts "concerning immovable property." .

Therefore, in interpreting the statute under reconsideration, we must not confuse it with our laws providing for the registration (recording) of acts, etc., concerning immovable property; which *in terms* declare as above that all such acts *shall have no effect against persons* unless recorded; and declare further that all such acts, "which shall not be so recorded, shall be *utterly null and void*, except between the parties thereto." Rev. Civ. Code, art. 2266.

In the one case our statute does not pretend to say that the filing of a suit shall *have no effect* against third persons even with *actual* notice, it simply says that the mere filing of such shall not suffice as *constructive* notice thereof to third persons.

In the other case Mr. Justice Monroe has well emphasized the difference, thus:

"Fraud cuts down everything; * * * it cannot, however, be said that a third person perpetrates a fraud merely by treating as void, as to himself, a contract which the law in terms declares 'shall be utterly null and void, except between the parties thereto.'" McDuffie v. Walker, 125 La. 152, 51 So. 100.

We think the judgment below was correct.

### Decree.

The judgment appealed from is therefore affirmed.