(117 So. 145)

No. 27016.

## STATE ex rel. METROPOLITAN LAND CO. v. RECORDER OF MORTGAGES et al.

April 9, 1928.

M'Caleb & M'Caleb and E. Howard M'Caleb, all of New Orleans, for appellant.

Delvaille H. Theard, of New Orleans, for appellee Coates.

O'NIELL, C. J. John H. Coates, a civil engineer, claiming that the Metropolitan Land Company owed him $4,325 for services rendered in surveying a tract of land belonging to the company, filed his claim in the office of the recorder of mortgages and had it recorded as a lien on the property. Thereafter Coates brought suit on his claim against the land company, averring that the law granted him a lien on the land which he had surveyed, to secure his claim for the services rendered, and prayed for a judgment for the amount of his claim and for recognition of a lien on the land. At the same time he filed in the office of the recorder of mortgages a notice of the pendency of his suit, and had the notice recorded in the mortgage records, so as to warn third persons that he was claiming a lien on the defendant's land, described in his petition. He claims authority to so affect and incumber the defendant's title by virtue of the Act 22 of 1904, p. 25. Coates' suit against the land company, on his claim for $4,325, is yet pending on a plea or exception of vagueness, in division D of the civil district court for the parish of Orleans.

While the suit of Coates v. Metropolitan Land Company was thus pending, the Metropolitan Land Company brought this mandamus proceeding against the recorder of mortgages, making Coates a party to the suit, to compel the recorder to cancel the inscription of Coates' claim and of the notice of pendency of Coates' suit against the land company,

The complaint of the land company is that Coates has no lien on the company's land—even if his claim for services rendered as a surveyor should be adjudged a just claim—and that he has no right, under the Act 22 of 1904, to incumber the company's title with the pretense of a lien and keep the property out of commerce during the delays incident to an ordinary lawsuit. The relator contends, therefore, that the recorder of mortgages had no right to record in the mortgage records, as a lien on relator's property, Coates' claim for services rendered as surveyor, or the notice of pendency of his suit on the claim. The mandamus suit was allotted to division B of the civil district court.

Coates, as defendant in the mandamus suit, filed a plea or exception of lis pendens, want of jurisdiction ratione materiæ, and no cause of action; and, answering the relator's petition, he admitted the recording of the documents complained of. The judge presiding in division B of the civil district court sustained the exception of lis pendens and the plea to the jurisdiction of the court, and rejected the relator's demand for a writ of mandamus. The relator prosecutes this appeal from the decision.

■■ Appellant's counsel, in his oral argument and in his brief, called upon counsel for appellee to cite the law under which he claims a lien on appellant's land, to secure appellee's claim for his services rendered in surveying the land—assuming that the claim for services is a just one. No law has been cited as granting the lien, and we are not aware of any such law. There is no dispute about the fundamental proposition that a lien cannot exist unless it is expressly granted by statute. It is therefore fair to assume that the learned counsel for appellee would inform us on the subject if he had in mind any law granting a lien in favor of surveyors, on the lands they survey, as security for their compensation for the services so rendered. In fact, the law grants no such lien; and it is quite certain

that the demand or prayer for recognition of such a lien, in appellee's suit against the land company, for compensation for his services, was made not with any serious intention that the court should recognize or allow such a lien, but merely to gain some ground on which to require the recorder of mortgages to record the notice of pendency of the suit, and thus to becloud and incumber the defendant's title and prevent a sale of the property during the pendency of the suit.

■ Appellee's plea (1) of lis pendens, (2) of want of jurisdiction ratione materiæ, and (3) of no cause of action does not constitute three separate or distinct pleas, but is merely the giving of three names to one and the same contention; that is to say, that, so long as the question whether Coates has a lien on the Metropolitan Land Company's property to secure his claim is pending in division D of the civil district court, no other court, or division of the same court, has jurisdiction to inquire into the question of lien, and therefore the Metropolitan Land Company has no cause or right of action to contest the lien in any other court or division of the court. That is the only proposition which the judge of division B of the civil district court sustained by his judgment in this case. The argument is based upon the Act 86 of 1870, p. 119, declaring that, whenever a suit or judicial proceeding is instituted in any court having jurisdiction, in New Orleans, the parties to the suit are confined exclusively to that court for the trial of all issues or matters that may arise in the course of the litigation, and the Act 62 of 1918, p. 96, amending article 94 of the Code of Practice, declaring that the same cause cannot be brought before two courts, even of concurrent jurisdiction, except by discontinuing the suit first brought before an answer is filed. The statutes are merely amplifications of the doctrine of lis pendens. The judgment appealed from is founded upon the erroneous premise that the suit of John H. Coates v. Metropolitan Land Company, now

pending in division D of the civil district court, and this mandamus suit have the same object or cause of action. The object of the suit or cause of action is not the same in the two cases. The object of this mandamus proceeding is to compel the recorder of mortgages to perform a ministerial duty—to cancel a record which, the relator contends, the recorder had no right in law to inscribe against the relator's property. To argue that this mandamus suit tenders the issue as to whether Coates had a lien on the relator's land is only begging the question, because the mandamus suit rests upon the assumption that Coates had no color of right to claim a lien, and that the recorder therefore had no color of right to record Coates' claim or the notice of the pendency of his suit against the Metropolitan Land Company. If Coates, as appellee in this case, seriously claimed a lien, or showed some color of right to a lien, to secure his claim against the Metropolitan Land Company, we would perhaps decline to pass judgment on the lien so claimed, and would refer the parties to the suit now pending in division D· of the civil district court. But the only question tendered in this case is whether a plaintiff may—by the bald allegation that he has a lien on the defendant's land and without stating any fact or citing any law to sustain the allegation—require the recorder of mortgages to record a notice of the pendency of his suit as a lien on the defendant's property, under authority of the Act 22 of 1904.

The purpose of the act of 1904 has been explained in at least two opinions rendered by this court—Wells v. Blackman, 117 La. 359, 41 So. 648, and Richardson Oil Co. v. Herndon, 157 La. 211, 102 So. 310. Before the enactment of the Act 134 of 1898, p. 215, applying only to the city of New Orleans, and the Act 22 of 1904, p. 25, applying to the state at·large, it was provided by article 2453 of the Civil Code that third parties were presumed to have knowledge of the pendency of a suit involving title to real estate, and that if the defendant sold his property during the pendency of a suit in which his title was contested the sale had no effect against the plaintiff's claim. The act of 1898 (in New Orleans) and the act of 1904 (throughout the whole state) abolished the presumption of knowledge established by article 2453 of the Code, and declared that the pendency of an action in any court in Louisiana, "affecting the title or asserting a mortgage or lien upon immovable property," should not be considered or construed as notice to third persons, unless a notice of pendency of the action should be filed and recorded in the mortgage office where the property to be affected is situated. The statute is applicable only to an action affecting the title or asserting a mortgage or lien upon immovable property, and the expression "asserting a mortgage or lien" means asserting it seriously and with some color of right. In American Trust Co. v. Crescent Ice Co., 137 La. 139, 68 So. 386, the court said:

"Section 3 of Act No. 22 of 1904 assumes that the plaintiff's claim is one affecting the title, or asserting a mortgage or lien upon immovable property. In such a case, a judgment against the plaintiff nullifies both the claim and the inscription. But, if the plaintiff in a suit has no claim in, or against, the property in question, or his claim has been prescribed, or adjudged invalid, section 3 has no application."

It can hardly be disputed that, if the recorder of mortgages had refused to record Coates' claim or the notice of pendency of his suit against the Metropolitan Land Company, Coates could not have compelled the recorder to do so, under the provisions of the Act 22 of 1904, although it would have been the recorder's ministerial duty to do so if the suit had been one which, under its allegations of fact, asserted a lien on the Metropolitan Land Company's property. By the same token it is the recorder's ministerial duty to cancel the inscription which he has made erroneously of a notice of pendency of a suit which, under the allegations of fact, does not

affect the title or assert a mortgage or lien upon immovable property.

"It is well settled that mandamus is the proper remedy for compelling the recorder to cancel an illegal or unauthorized inscription purporting to operate as a mortgage. Savage v. Holmes, 15 La. Ann. 334; State ex rel. Deblieux v. Recorder, 25 La. Ann. 61; Lanaux v. Recorder of Mortgages, 36 La. Ann. 974; State ex rel. Busha's Heirs v. Register, 113 La. 98, 36 So. 900." State ex rel. Macheca v. Dunn, Recorder of Mortgages, 148 La. 473, 87 So. 241.

In a very recent case, State ex rel. Hurwitz et al. v. Recorder of Mortgages et al., 165 La. 334, 115 So. 582, the recorder, at the instance of one Lotz, had recorded a claim supported by affidavit, in which Lotz, without color of right, asserted a lien on the property of Hurwitz et al.; and, in affirming the judgment in the case, making absolute the mandamus compelling the recorder to cancel the inscription, we said:

"Assuming, for sake of argument, that everything stated in the affidavit of Lotz is true, and that the relators are indebted to him in the amount stated, he has no lien on their property as security for the claim. The recorder of mortgages therefore had no right to record the affidavit as a lien or an incumbrance on the relators' property. Mandamus is the right remedy in such a case."

In one of the cases, State ex rel. Braswell v. Hallam et al., 150 La. 922, 91 So. 298, cited in the opinion last quoted, it was said:

"There is no merit in appellant's plea or exception that, because relator might have resorted to an ordinary suit, he was not entitled to the summary proceeding by mandamus. Article 831 of the Code of Practice declares that a judge may, in his discretion, issue a writ of mandamus even when the complainant has other means of relief, if the slowness of an ordinary proceeding would be likely to cause such a delay as to hamper the administration of justice. If the recording of an ex parte affidavit, laying claim to another person's property, should compel that other person to resort to an ordinary suit for slander of title, there would be no end to such suits."

According to one of the rulings in State ex rel. Braswell v. Hallam, supra, inasmuch as

there was no question of fact at issue in this mandamus suit, the judge might well have given judgment on the merits of the relator's demand, if the judge had not sustained the exception of lis pendens or want of jurisdiction. The exceptions being now overruled, the case must be remanded to the civil district court for judgment on the merits.

The judgment appealed from is annulled, the exceptions filed by the defendant are overruled, and this case is ordered remanded to the civil district court, division B, for further proceedings consistent with the foregoing opinion. The appellee, John H. Coates, is to pay the costs of this appeal; the question of liability for other court costs depends upon the final judgment.