## SWIFT & CO. v. VILLEMEUR ET AL.

(January 19, 1931. Opinion and Decree.)
(February 2, 1931. Rehearing Refused.)

Frymire & Ramos, of New Orleans, attorneys for plaintiff, appellee.

Theo. Cotonio, of New Orleans, attorney for defendants, appellants.

JANVIER, J. Ernest Villemeur seeks the rescission and annulment of a solidary judgment rendered in favor of Swift & Company against him and his father, Edward Villemeur, and asks that the recorder of mortgages be compelled to erase from the records of his office the judicial mortgage resulting from the inscription therein of the said judgment.

The ground on which the rescission of the judgment is sought is that at the time it was rendered the said Ernest Villemeur was an unemancipated minor, and on that question of fact there now seems to be no dispute.

The petition for rescission was not filed until nearly four years after Ernest Villemeur had attained his majority, and Swift & Company have set up, as a bar to this action, the prescription of one year applicable to many actions for nullity of judgment under Code of Practice, article 613.

However, it is evident that that article of the Code of Practice has no application to a suit by a minor for rescission of judgment rendered against him during minor-

ity, for such suits are treated of specially in article 615 of the Code of Practice, under which actions of this kind are permitted to be brought at any time within four years next succeeding the day on which majority is attained. Code Prac. art. 615 reads as follows:

"A judgment rendered against a minor may be rescinded if such minor show either that his cause has not been well defended, or that he has been aggrieved by such judgment.

"But that action shall be prescribed if four years have elapsed after the minor has arrived at the age of majority; nor can it be brought by the curator or the tutor during the minority of their ward; provided, that this article shall not be taken or construed to imply the nullity of a judgment where a minor has been regularly represented in a suit according to law."

Since such a suit for rescission will lie if the minor can show that the original suit against him was not "well defended," it follows, we believe, that it will lie, where it appears that the original suit was not defended at all, as is the case here.

But we are of the opinion that we are unable to rescind or annul a judgment which has been paid by one of the solidary judgment debtors. It was rendered against the father and the son and was paid in full by the father, who handed the money to the son, who, in turn, delivered it to the judgment creditor.

We are of the opinion that the trial judge was correct in his view that the question presented was a moot one and that a judgment paid by one of the solidary judgment debtors cannot later be annulled.

The only other question presented is the right of Ernest Villemeur to have erased from the mortgage records the inscription of the judgment as against him. Of course, since the judgment should not have been rendered in the first instance against the minor, there was and is a duty on the judgment creditor to erase from the records the inscription which should not have been placed there, but, unfortunately for Villemeur, we are unable, on the petition as filed, to render judgment ordering the erasure of the inscription because, while it is true that he has prayed that the recorder of mortgages be ordered to effect the cancellation and erasure, that official has not been made a party defendant, and manifestly we are unable to render a judgment ordering something to be done by a party who has not been made defendant, and who has not been cited. Corpus Juris, vol. 15, p. 725. The fact that the recorder of mortgages in a matter of this kind is only nominally a party does not help the situation because, though only nominally a party, nevertheless he is a necessary party, and proper practice requires that, in a suit to erase an inscription in the mortgage office, whether by mandamus or by rule, the recorder of mortgages be made a party defendant. In Cappel v. Hundley, 168 La. 20, 121 So. 176, 177, the court said:

"A summary proceeding against the recorder of mortgages, either by mandamus or by rule to show cause, is the appropriate proceeding by which to compel the cancellation of a mortgage or other incumbrance that has been judicially ordered, or ought to be, canceled. Savage v. Holmes, 15 La. Ann. 334; State ex rel. Deblieux v. Recorder, 25 La. Ann. 61; Lanaux v. Recorder of Mortgages, 36 La. Ann. 974; State ex rel. Busha's Heirs v. Register, 113 La. 98, 36 So. 900; State ex rel. Macheca v. Dunn, Recorder of Mortgages, 148 La. 473, 87 So. 241; State ex rel. Hurwitz et al. v. Recorder of Mortgages et al., 165 La. 334, 115 So. 582; State ex rel. Metropolitan Land Co. v. Recorder of Mortgages et al., 166 La. 271, 117 So. 145."

The judgment appealed from is affirmed, at the cost of appellant.

HIGGINS, J., takes no part.