OVERTON, Justice.
 

 Plaintiff brought this suit via ordinaria on a promissory note, dated November 12, 1929, secured by mortgage on certain immovable property in the city of New Orleans, made by defendant to the order of plaintiff, for the sum of $700, payable on demand, and bearing 7 per cent, per annum interest from, date, representing the purchase price of the realty mortgaged, sold by plaintiff to defendant. It is represented that there is due on the note, exclusive of 7 per cent, yearly interest from September 1,1932, and 10 per cent, attorney’s fees, $586.60.
 

 The object of the suit is to obtain judgment on the balance due on the note and to have foreclosed the vendor’s privilege and special mortgage, resting on the property. A preliminary default was taken in the case, in due course, and later confirmed.
 

 On the same day that the preliminary default was taken, Olivia James, the widow of Mumford Bickham (Bickham having died about three years ago), and Bickham’s sole heir, Bertha Bickham, wife of Willie Wilson, intervened in this suit. In the intervention it is alleged, in effect, that in 1923 a loan of $1,000 was made by plaintiff to Mumford Bickham. To secure this loan, it is there alleged that the property which Bickham had purchased from others, for a greater sum, and against; which the foreclosure proceeding is brought, was put, at his instance, by his vendors, in plaintiff’s name; that after the property had remained in plaintiff’s name for several years, plaintiff, at the instance of Bickham, transferred the property to defendant for $700, on credit, this amount being the balance due on the foregoing loan of $1,000, and to secure the $700 retained a vendor’s privilege and special mortgage on the property, this being the privilege and mortgage, now sought to be foreclosed; that, at the time plaintiff made the transfer to defendant, retaining the privilege and mortgage, defendant, to the knowledge of plaintiff, or under circumstances which should have placed plaintiff on guard, was, and for some years had been, living in open concubinage with Mary Bethany; and that the transfer was an unlawful transaction, being a donation in the guise of a sale, made, at the instance of Bickham, to his concubine to defeat the legal rights of his wife and child, the present interveners.
 

 The intervention, although the allegation setting it forth is, to all appearances, inconsistent with what is alleged in it previously, declares that interveners have no intention or desire to cause the plaintiff herein to suffer a loss of the money it lent in good faith to
 
 *17
 
 Mumford Bickham; and so stated in a former suit against defendant, nevertheless they cannot, so they allege, permit their rights to be defeated in any such manner as here attempted.
 

 The' prayer of the intervention, briefly stated, is to annul the sale by plaintiff to defendant, and bring the property back to the succession of Bickham.
 

 To this intervention, defendant filed an exception of no cause or right of action. This exception was sustained by the trial court, and the intervention dismissed. The interveners have appealed.
 

 It is apparent from the foregoing statement of the case that the main suit is one for a moneyed judgment and the enforcement of a vendor’s privilege and a special mortgage, and that the purpose of the intervention is to annul the sale by plaintiff to defendant, and to bring the property back to the succession of Mumford Bickham. It is also apparent that it is not interveners’ intention to deprive plaintiff of anything that may be due it on its loan, for, without questioning the amount sued for, they so declare in their intervention. As interveners do not question the indebtedness, and fail to question the privilege and the mortgage to the extent that the indebtedness is due, it would seem to be equally clear that they do not question, to the same extent, the validity of the privilege and the mortgage. If reference be made to the suit mentioned by interveners in declaring their intention, it becomes perfectly clear what their purpose is, for in praying for the nullity of the sale, the prayer is that the sale be declared null “without disturbing the mortgage therein set out, petitioners hereby assuming whatever legal indebtedness may still be due and owing to said Eureka Homestead Society.” Therefore it would seem that interveners’ purpose is to ingraft, by way of intervention, a demand for the recovery of the equity in the land mortgaged, onto the main demand, which is, as said, for a moneyed judgment against another, and for the enforcement of a privilege and a mortgage, which, in reality, is not attacked. We think tbat inteiweners have no right thus to interfere with plaintiff’s suit. No matter what the outcome of the intervention might be, plaintiff would still have the right to foreclose. If there be any equity, plaintiff should assert it in another and proper proceeding.
 

 Interveners, following the filing of their intervention, proceeded by rule to vacate the judgment obtained by plaintiff, by default, on the main demand. The rule possesses no merit, and was recalled by the trial judge, the recall being included in the judgment sustaining the exception of'no cause of action.
 

 For these reasons, the judgment appealed from is affirmed.
 

 O’NIELB, C. J., absent.