175 So. 465

**BICKHAM et al. v. BETHANY et al.**

No. 34368.

May 24, 1937.

Rehearing Denied June 21, 1937.

Charles J. Mundy, of New Orleans, for relators.

McCloskey & Benedict and W. Sommer Benedict, all of New Orleans, for respondent Eureka Homestead Soc.

FOURNET, Justice.

This is a rule to have canceled and erased from the mortgage records a notice of lis pendens.

The defense is that the trial court is without right or authority to cancel the notice of lis pendens until the suit or cause, in connection with which the plea was filed, has been tried and determined by the court.

The rule was made absolute upon the trial thereof, but prior to the signing of the judgment, counsel for relatrices gave notice to the respondents of their intention to apply to this court for writs, and upon their application, we granted a writ of certiorari, coupled with a stay order.

In order to fully understand the issues involved here, it is necessary to give a brief statement of the facts and the history of the case. They are substantially as follows:

The relatrices, Mrs. Olivia James Bickham and Mrs. Bertha Bickham Wilson, the widow and heir of Munford Bickham, deceased, filed a suit on April 25, 1932, against Mary Bethany to revendicate the property alleged to have been placed by simulated title in her name while she was the open concubine of the deceased.

The suit was allotted to division E of the civil district court for the parish of Orleans. In connection with this suit a notice of lis pendens was filed in the mortgage office on March 21, 1932.

On March 13, 1933, the Eureka Homestead Society filed suit via ordinaria against Mary Bethany on a vendor's lien mortgage note affecting the property sought to be revendicated in the suit filed by relatrices. This suit was allotted to division B of the civil district court for the parish of Orleans. The defendant in that case filed no answer or other pleadings and judgment by default was therefore rendered against her. On the same day that the preliminary default was entered, however, relatrices intervened in the suit, setting out in effect the same cause of action which was set

forth in their suit to revendicate pending in division E, and subsequently proceeded by rule to have the judgment obtained by default against the defendant vacated. The defendant filed exceptions of no cause or right of action to both proceedings, on the ground that in their intervention they had not questioned the indebtedness or the privilege and mortgage to the extent that the indebtedness was due, but, on the contrary, specially assumed such amount was loaned by the Eureka Homestead Society, in good faith, to the deceased, Munford Bickham. On the trial of these issues, the lower court recalled the rule to vacate the judgment and sustained the exceptions of no cause or right of action, which judgment was affirmed by this court. See Eureka Homestead Society v. Bethany, 179 La. 14, 153 So. 5.

In the meantime, however, on the 27th day of June, 1933, the relatrices filed a supplemental and amended petition in their suit pending in division E to revendicate the property, making the Eureka Homestead Society codefendant with Mary Bethany and attached to their supplemental petition interrogatories on facts and articles to be answered by it. On July 13, 1933, the Eureka Homestead first filed a plea of lis pendens, based on the intervention in the suit which was then pending in division B, and, in the alternative, an exception of nonjoinder of parties defendant. Subsequently, on April 10, 1934, the Homestead further excepted to the supplemental and amended petition of relatrices on the ground that it disclosed no right or cause of action and, on the same date, obtained an order from the judge presiding over

division E, fixing the exceptions of no cause or right of action for trial on the 20th of April, 1934, thus apparently abandoning the exceptions previously filed, i. e., lis pendens and nonjoinder of parties defendant. The exceptions of no cause and no right of action were tried, submitted, and taken under advisement by the court on May 18, 1934, and according to the record, these exceptions were never disposed of.

But in the interim, following the decision of this court in the case of Eureka Homestead Society v. Mary Bethany, supra, the Homestead proceeded to execute on its judgment and caused the property, which relatrices sought to have revendicated in their original proceedings, to be seized and sold by the sheriff at public sale and the property was adjudicated to the Homestead as the last and highest bidder. Following this adjudication, on March 31, 1937, the Eureka Homestead Society ruled the relatrices into court to show cause why the notice of lis pendens filed by them on March 21, 1932, should not be canceled and erased from the mortgage records. On the return day fixed for the trial of the rule, April 9, 1937, the defendants in rule, relatrices here, pleaded prematurity of the action for the reason that the court was without power and authority to order the cancellation of the notice of lis pendens until it had disposed of the suit or case in connection with which the notice was filed. After the matter was tried and submitted, the court, on the same day, made the rule absolute, but before the judgment was signed formal notice was given to the re-

spondents here of the intention of relatrices to apply to this court for writs which, as heretofore stated, was done on April 15, 1937, and on April 26, 1937, we granted a writ of certiorari with a stay order.

In response to the writ, the trial judge answered, but we have not been favored with either an answer or brief by the respondent Homestead, nor have the relatrices filed a brief. We shall, therefore, dispose of the issues as they appear to us from the record, i. e., whether or not the trial judge was authorized under the facts of the case to cancel the notice of lis pendens.

Act No. 22 of the General Assembly of the State of Louisiana for the year 1904, as recited by its title, is "an act Respecting notice of pendency of action in regard to immovable property, and providing for the registration of such notice." Section 1 of the act provides that on and after January 1, 1905, the pendency of an action in any court, affecting the title, or asserting a mortgage or lien upon immovable property, shall not be considered or construed as notice to third persons not parties to such suit, unless a notice of pendency of such action shall have been made, filed, or registered, in compliance with the act. Section 2 prescribes the requirements to be followed in giving such notice; and section 3 reads: "in the rendition of judgment in such suit or action, if judgment be given against plantiff's claim, it shall provide for the cancellation of said notice at plaintiff's expense, and as part of the costs of suit."

In the case of Wells v. Blackman, 117 La. 359, 41 So. 648, as expressed in the syllabus by the court, this court held:

"Act No. 22, p. 25, of 1904, provides that the pendency of a suit affecting title to real estate shall not be considered as notice to third persons unless notice of the pendency of such action shall have been registered. The only change made by this law is that, formerly, third persons had to take notice of the pendency of the suit without registry, whereas, now, they need take notice of it only after registry. It follows that the registry of a notice under this act does not have the effect of changing the legal situation as it has stood heretofore."

█ The object and purpose of the notice of lis pendens, as set forth by the provisions of Act No. 22 of 1904, is to prescribe the procedure to be followed by litigants in order to give notice to third parties of the pendency of an action affecting the title or asserting a mortgage or lien upon immovable property, which, prior to the passage thereof, was unnecessary. Article 2453, Rev.Civ.Code; Wells v. Blackman, supra. See Richardson Oil Co. v. Herndon, 157 La. 211, 102 So. 310.

█ But it is contended by respondents that the Eureka Homestead Society, in this instance, should be considered as a third party without notice, but they have not assigned any reasons or grounds for their conclusions. The fallacy of this conclusion is perfectly evident because it was not necessary to file a notice of lis pendens in so far as the Eureka Homestead Society was concerned, for the reason that the title was not in its name and, therefore, could not be conveyed by it to a third party. Moreover, it was a party to the suit itself and, consequently, could not be heard to complain that it had not been given notice of the pendency of the action between relatrices and defendant, Mary Bethany.

█ Act No. 22 of 1904 specifically provides that "in the rendition of judgment in such suit or action, if judgment be given against plaintiff's claim, it shall provide for the cancellation of said notice." Section 3. It, therefore, follows that the act requires the carrying on of the suit to judgment, and while it is the mandatory duty of the court to cancel the notice of lis pendens if judgment is rendered by it against the claims or demands of the plaintiff, the court is without authority to do so until the suit is disposed of.

Since this opinion was written, briefs have been filed by both the relatrices and the respondents, but neither raised any point requiring any further discussion of the case.

For the reasons assigned, it is ordered, adjudged, and decreed that the writ of certiorari issued herein be, and it is hereby, perpetuated. It is further ordered, adjudged, and decreed that the judgment of the district court ordering the cancellation of the notice of lis pendens filed on March 21, 1932, and recorded in the mortgage records of Orleans parish in Book 1458, p. 41, be, and it is hereby, avoided and annulled; the costs of this proceeding to be paid by the Eureka Homestead Society.