356 So.2d 468 (1977)
JAHNCKE SERVICE, INC.
v.
Mrs. Beatrice Michel COLEMAN et al.
No. 11603.
Court of Appeal of Louisiana, First Circuit.
November 21, 1977.
E. Howard McCaleb, III, New Orleans, for plaintiff-appellant.
William R. Forrester, Jr., Stanley A. Millan, Lemle, Kelleher, Kohlmeyer & Matthews, New Orleans, for defendants-appellees.
Before BLANCHE, COVINGTON and CHIASSON, JJ.
*469 COVINGTON, Judge.
This is an appeal from the judgment of the trial court sustaining the exception of lis pendens filed by the defendants, Mrs. Beatrice Michel Coleman and Halter Marine Service, Inc., to the suit brought by Jahncke Service, Inc., for recognition of a materialman's lien and privilege on described immovable property owned by defendant Coleman and leased by defendant Halter. In the suit Paul Celeste was also sued as a defendant on an open account.
The basis for the exception was that in the same court there was then pending a suit entitled, "Mrs. Beatrice Michel Coleman versus Roland J. Marquette, Clerk of Court, Parish of Assumption and Jahncke Service, Inc.", No. 11,418 on the docket of said court, which involved the same parties and the same facts and circumstances as the instant suit.
LSA-C.C.P. arts. 531 and 532 authorize the exception of lis pendens when the suit to which the exception is directed is brought on the same cause of action, having the same object, and is between the same parties in the same capacities as the pending suit.
The facts giving rise to the instant action are that on November 14, 1974, Mrs. Coleman filed a mandamus suit in the district court against the clerk of court and Jahncke Service, the plaintiff in this action, to have a materialman's lien filed by Jahncke Service against her immovable property in Assumption Parish cancelled on the ground that said lien was invalid. The lien had been filed by Jahncke Service because it had not received payment for a certain shipment of shell which had been used on Mrs. Coleman's property by Halter Marine Services, Inc., which had bought the shell from Paul Celeste who had bought the shell from Jahncke Service. The mandamus suit was tried on November 19, 1974, and the trial judge took the matter under advisement.
While the trial judge had that matter under advisement, Jahncke Service brought the instant action, asserting that Celeste was indebted on open account for the price of the above mentioned shipment of shell, and asserting its materialman's lien against Mrs. Coleman and Halter.
The elements essential to sustain an exception of lis pendens are set forth in LSA-C.C.P. art. 925, i. e., pendency of another action between the same parties, in the same capacities, on the same cause of action, and having the same object.
A decision in the suit by Mrs. Coleman, referred to in the second paragraph above, would not result in a determination of any of the issues in the case before us except the validity of the lien against her. It would not affect the open account suit or the question of whether Jahncke is entitled to a lien against her lessee, Halter.
Therefore, the judgment of the trial court, in the case before us, is affirmed only insofar as it releases Mrs. Coleman from a determination of the validity of the lien filed against her. In all other respects, it is reversed and remanded for trial.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.