PONDER, Judge.
Jahncke Service, Inc., appeals from a summary judgment ordering the cancellation of a materialman’s lien from the mortgage records.
Plaintiff is the owner of some property leased to Halter Marine Service, Inc. The latter purchased some shell from one Celeste who bought it from appellant. Al *1391 though Halter paid Celeste, the latter did not pay Jahncke; the latter filed a materi-alman’s lien. Plaintiff filed a suit to have the lien cancelled. The court took it under advisement and no decision has yet been rendered.
Later, Jahncke filed suit against Mrs. Coleman asserting enforcement of its lien. Mrs. Coleman filed an exception of lis pen-dens because of the suit still under advisement. The court sustained the exception and dismissed Jahneke’s suit. The First Circuit affirmed the dismissal as to Mrs. Coleman. Jahncke Service Inc. v. Coleman, 356 So.2d 468 (1st Cir. 1977).
Mrs. Coleman then moved for a summary judgment on her petition for cancellation of the lien, stating that there was currently no civil action pending against her to enforce the lien as required by the statute. The court issued an order to cancel the lien.
We find that Mrs. Coleman’s suit is sufficient to interrupt prescription. Jahneke’s suit has been found to be lis pendens with Mrs. Coleman’s suit; they involve the same parties in the same capacities and the same cause of action.
Mrs. Coleman’s suit therefore should have the effect of interrupting prescription for Jahncke under LSA-R.S. 9:4812. Until her suit is disposed of, the notice and the lien cannot be cancelled.
If Mrs. Coleman’s suit did not have the effect of interrupting prescription, Jahncke Service Inc. would be in the position of being unable to file suit to enforce the lien since it would always be met with a plea of lis pendens. We do not believe the statute requires such an anomalous result.
The judgment is reversed at appellee’s costs.
REVERSED.