I ¶ SEXTON, Judge.
Plaintiff, L & A Contracting Company, appeals the granting of a declinatory exception of lis pendens in favor of defendant, Ram Coating Technology Corporation. We affirm.
FACTS
In May of 1989, L & A Contractors entered into a contract with the Louisiana Department of Transportation and Development (hereinafter, “DOTD”) to renovate a bridge in Bossier Parish on Highway 2 over the Red River. L & A subcontracted with Ram Industrial Coatings (Ram Industrial) to perform the painting work on the bridge. This subcontract was for an amount in excess of $50,000.
A dispute arose between L & A and Ram Industrial which led to L & A putting Ram Industrial in default and terminating the subcontract. On June 8, 1992, Ram Coating Technology (Ram Coating), successor in interest to Ram Industrial, filed a lien pursuant to the Public Works Act (LSA-R.S. 38:2241, et seq.) in Bossier Parish, Louisiana.
In July of 1992, L & A filed a petition against Ram Industrial and its surety, Trans-america Premier Insurance Company, in the 19th Judicial District Court, Baton Rouge, Louisiana, for damages for non-performance of the contract.
Ram Coating answered that petition as “successor in interest to Ram Industrial Coatings, Inc.” and filed a reconventional demand against L & A and its retainage surety, Fidelity and Deposit Company of Maryland, for breach of contract and to have the aforesaid lien filed by Ram declared valid and for penalties.
On February 23, 1993, L & A filed the instant suit against the Bossier Parish Clerk of Court, in which it sought a writ of mandamus to compel cancellation of the lien from the parish mortgage records. In this suit, L & A sought to have the lien canceled contending that the Public Works Act granted a privilege only to a “claimant,” which is defined under LSA-R.S. 38:2242 as a “person” to whom money is due under a “contract.” L & A argued that neither Ram Industrial nor Ram Coating was a juridical person due to the fact that each had been dissolved in *1297 Florida. L & A |2also claimed that Ram Coating could not present a judicial demand in any court in the state of Louisiana under LSA-R.S. 12:301 and 12:314 because it was not a juridical person or registered to do business in Louisiana and, therefore, no valid suit could be pending. Finally, L & A contended that there was no contract between it and Ram Coating, which it asserted was not a licensed contractor.[1]
The Clerk of Court of Bossier Parish filed an answer and peremptory exception of non-joinder of Ram Coating as an indispensable party. Further, Transamerica intervened in opposition to the cancellation of the lien contending that the proper procedural device for cancellation of the lien was by petition for declaratory judgment. The trial court dismissed the action on June 14, 1993, agreeing with Transamerica that the correct procedure was declaratory judgment. L & A appealed and in a written opinion on May 4, 1994, in L & A Contracting Company, Inc. v. Mabry, 25,823 (5/4/94, La.App.2d Cir.) 637 So.2d 1090, this court reversed the trial court, finding that mandamus was the appropriate procedure and ordering that Ram Coating be added as an indispensable party to the mandamus action.
On August 10, 1994, Ram Coating filed a declinatory exception of lis pendens with the Bossier Parish Court claiming that suit for Mandamus should be dismissed in light of the pending Baton Rouge proceedings. The trial court granted the exception by written opinion on September 12, 1994, and signed a judgment in accordance therewith on October 27, 1994, finding that both the suit filed in Baton Rouge and the mandamus action involved the same transaction or occurrence and was between the same parties in the same capacities.
It is from the granting of that exception of lis pendens that L & A appeals arguing that because Wilna Mabry, Clerk of Bossier Parish District Court, is not and Rcannot be a party to the East Baton Rouge proceedings, dismissal of the mandamus action is in error because she is the only person who can be ordered to cancel the lien. Implicit in this argument is plaintiffs contention that the object of the suit filed in Baton Rouge was the underlying contract claim, and the object of the mandamus action was to cancel the lien, and therefore, the application of the doctrine of lis pendens is in error.
L & A secondly argues that the filing of the exception of lis pendens less than 24 hours prior to the scheduled hearing and without supporting memoranda is in violation of the local rules of the 26th Judicial District Court which have the force and effect of law, and therefore, reversal is warranted.
L & A finally argues that this court should determine the merits of the validity of the lien. It maintains that neither Ram Industrial nor Ram Coating are juridical persons. Therefore, it concludes that neither can be a claimant having a valid enforceable contract, and thus, neither can assert a privilege under the Louisiana Public Works Act.
DISCUSSION
LSA-C.C.'P. Art. 531 addresses suits pending in Louisiana courts and reads as follows:
When two or more suits are pending in a Louisiana court or courts on the same transaction or occurrence, between the same parties in the same capacities, the defendant may have all but the first suit dismissed by excepting thereto as provided in Article 925. When the defendant does not so except, the plaintiff may continue the prosecution of any of the suits, but the first final judgment rendered shall be conclusive of all.
L & A relies on State ex rel. Metropolitan Land Co. v. Recorder of Mortgages, et al., 117 So. 145, 166 La. 271 (1928), in support of its position that, as a matter of law, Ram is not entitled to a lien. In that case, Coates, a civil engineer, contended that Metropolitan Land Company owed him a sum of money for *1298 surveying services. He filed some sort of claim in the office of recorder of mortgages attempting to record it as a lien on the property. He then filed suit asserting a lien and his claim for services | rendered. Metropolitan thereafter filed a mandamus proceeding seeking to have the inscription canceled asserting that Coates did not have a valid lien. Coates’ exception of lis pendens was sustained by the trial court.
The Louisiana Supreme Court’s reversal had nothing to do with the question of lis pendens, but rather with the conclusion that Coates’ filing with the recorder of mortgages bore no relationship to a valid lien. The clear import of the Supreme Court decision was that if there had been any indication of a valid lien, then the exception of lis pendens would have validity.
In the later case of State ex rel. Ernest Realty, Inc. v. Moore, Blane and Merk-lein, 183 La. 927, 165 So. 147 (1935), the Louisiana Supreme Court further expounded on Metropolitan explaining its holding as follows:
“... a plaintiff in an ordinary suit could not by mere bold allegation claim a lien and privilege on immovable property, or color of title thereto, and compel the defendant owner to await the determination of that litigation, where the allegations of the petition showed, as a matter of law, that the plaintiff was not entitled to either a lien or color of title to the property, but that the defendant owner in such a case was entitled to proceed summarily by mandamus proceedings to have the cloud on his title to the immovable property ... canceled.” [emphasis ours]
Thus, the import of these cases is that when the petition, as a matter of law, demonstrates that the lien in question has no validity, then a subsequent summary action of mandamus will be allowed to proceed to cancel the lien even when a separate suit by ordinary proceedings is pending in which the lien is asserted. Said another way, when it is patent from the record that the lien is not valid, then the mandamus action may proceed and lis pendens will not prevail. We find this reasoning dispositive of the present case.
We cannot determine from the record before us that Ram has succeeded in demonstrating that, as a matter of law, Ram has no right to file the lien. The East Baton Rouge pleadings demonstrate that the validity of the lien was first raised by reconventional demand of Ram which sought to have the contract between it and L & A recognized as well as the lien. L & A’s arguments in answer to that reconventional demand simply assert that “the lien filed by Ram was improperly and improvidently | gfiled....” Notably, L & A filed Exceptions of No Right and Cause of Action in which it raised the issues of Ram’s procedural capacity to file suit and Ram’s right of action under the doctrines of breach of contract or quantum meruit in light of the fact that Ram was not a licensed contractor and allegedly could not validly contract with L & A. The trial court denied L & A’s exceptions of no cause and right of action, obviously finding that there were serious issues to be resolved relating to the contract between the parties. The only additional issue which has been raised in the mandamus proceedings is the issue of whether or not Ram is a “claimant” under Title 38. The resolution of that issue is, however, dependent upon the resolution of the validity of the contract between the two parties. The issues relating to the validity of the contract are complex. Included within the arguments is the possible tacit acceptance of the contract by L & A with Ram and the question of estoppel related to that acceptance. These are factual questions which must be explored further and which cannot be resolved on this record as a matter of law.
We also note plaintiffs reliance on Gauguin, Inc. v. Addison, 288 So.2d 893 (La.App. 1st Cir.1973), writ denied, 293 So.2d 167 (La. 1974), in support of its position. In Gauguin, the court reversed the granting of an exception of lis pendens using Metropolitan as support for the general proposition that in a factual situation much like those presented in Metropolitan and the present case, that mandamus is not precluded and the exception of lis pendens should be denied. However, in Gauguin, the party asserting the lien was clearly not in the category of those statutorily listed under the provisions of *1299 LSA-R.S. 9:4801. Therefore, from the record before it, the Gauguin court was able to determine as a matter of law that the lien claimant was not entitled to the lien. As noted above, we are unable to make that determination from the record before us and distinguish Gauguin on that ground.
We next address L & A’s argument asserting the inapplicability of the doctrine of lis pendens to this case in light of the fact that the 19th Judicial District has no jurisdiction over the Clerk of Bossier Parish. L & A cites both Gauguin, supra and | ^Metropolitan, supra in support of its contentions. We have previously distinguished these cases and no further discussion is warranted. L & A additionally argues however, that the trial court erroneously relied on Jahncke Service, Inc. v. Coleman, 356 So.2d 468 (La.App. 1st Cir.1977), in support of its judgment. In Jahncke, Coleman filed a mandamus suit to have a materialman’s lien filed by Jahncke against her immovable property canceled on the ground that the lien was invalid. Jahncke alleged that it had not received payment for a certain shipment of shell which was used on Coleman’s property. The mandamus suit was tried, but the matter was taken under advisement. While the mandamus action was under advisement, Jahncke brought an action on open account against the third party that allegedly purchased the shell used on the Coleman property. This suit also asserted the validity of the materialman’s lien filed against Coleman and also against yet another party. Coleman filed an exception of lis pendens, which was granted by the trial court. The court of appeal affirmed the judgment of the trial court “only insofar as it releases Mrs. Coleman from a determination of the validity of the lien filed against her.” Thus, the court of appeal affirmed the exception of lis pen-dens only as it applied to the question of the validity of the lien, holding that the validity of the lien was already at issue in the earlier suit filed by Mrs. Coleman. Thus, this ease seems to favor defendant’s position rather than that of plaintiff.
L & A argues that the distinguishing factor in this case and Jahncke, and the present ease is that in Jahncke the mandamus action was filed in the same parish as the ordinary suit. Therefore, no issue was made as to jurisdiction. We acknowledge the distinction in the two cases, but find them of no avail to L & A. Other than the fact that the Clerk of Court is a party to the mandamus, the validity of the lien is at issue in both suits. Further, all of the other parties are the same, the Ram defendants having been joined as indispensable parties as a result of the earlier appeal here. Likewise, the instant suits obviously involve the same transaction or occurrence. The Clerk of Court has no real interest in the proceedings, other than the lawful discharge of her ^ministerial duties. See Matheme v. Guilliot, 544 So.2d 723 (La. App. 3d Cir.1989), writ denied, 551 So.2d 633 (La.1989). This is inherent in the addition of Ram as an indispensable party to the proceedings. Matheme, supra. Further, her duty to cancel the lien does not arise until the validity of it has been fully litigated. Such will occur in the Baton Rouge proceedings without any prejudice to L & A’s efforts to cancel the lien, should judgment be rendered in plaintiffs favor, pursuant to the provisions of LSA-R.S. 38:2242.1.
We finally address L & A’s argument concerning the application of the 26th Judicial Court Rules. Rules of court are intended solely to aid in the orderly and efficient conduct of litigation and are not to be construed so literally as to defeat their intended purpose. Laprarie v. King, 575 So.2d 921 (La.App. 2d Cir.1991), writ denied, 578 So.2d 140 (La.1991); Love v. Baden, 478 So.2d 1008, (La.App. 3d Cir.1985), and cases cited therein.
Rule 11 of the local rules of the 26th Judicial District Court provides that the filing of an exception, such as the one in this case, shall be accompanied by a brief statement of facts and a memorandum. However, Rule 26, Section 2, provides that a judge “at his discretion, in any particular case or circumstance by oral order may change or suspend any of the said rules, or in any case or matter may order that a procedure different from that prescribed in said rules be adopted or followed.”
In this case, the evidence shows that defendants faxed a copy of the exception of lis *1300 pendens to the court and opposing counsel the day before the scheduled hearing. There was no accompanying memorandum, however. Issue was taken by plaintiffs counsel at the hearing, but the trial court chose to proceed, as was within his discretion. The purpose of Rule 11 is to aid in judicial efficiency and to give the parties sufficient notice. Plaintiffs counsel admitted that he was aware of the scheduled August 11, 1994, hearing. From the record, counsel seems to have been quite prepared to orally argue the exception of lis pendens and was given additional time after the hearing to submit additional arguments by brief. Therefore, plaintiff was |8not prejudiced by the actions of the trial court, and we find no abuse of discretion in the trial court’s decision to suspend the local rules and conduct the hearing on the exception of lis pendens. We therefore affirm the trial court’s granting of the exception of Ms pendens. Costs are assessed to plaintiff.
AFFIRMED.

. The basis of this argument was that the contract was for the performance of work in excess of $50,000; that any person performing work for improvement of immovable property in excess of $50,000 was required to have a valid Louisiana contractor’s license; and that any contract for improvement of immovable property in excess of $50,000 by any entity not duly licensed as a Louisiana contractor was null and void.