(135 So. 663)

## CONSERVATIVE HOMESTEAD ASS'N v. BOYLE.

### No. 31038.

May 25, 1931.

Rehearing Denied June 22, 1931.

Weiss, Yarrut & Stich and Lemle, Moreno & Lemle, all of New Orleans, for appellant.

Eugene Thorpe, of New Orleans, for appellee R. L. Hill Lumber Co.

Guion & Upton, of New Orleans, for appellee Edward McGregor.

BRUNOT, J.

This appeal is by the plaintiff, the mortgagee, from a judgment on a rule, making the rule absolute, canceling all incumbrances inscribed against the mortgaged property which was sold in foreclosure proceedings for a sum not sufficient to pay the mortgage and other recorded claims against it, referring the Conservative Homestead Association, R. L. Hill Lumber Company, Inc., and Edward McGregor to the proceeds of the sale of the property, and decreeing the payment of the sum of the lien and privilege of the R. L. Hill Lumber Company, Inc., and of the lien and privilege of Edward McGregor, with interest thereon, and the costs of the present and a prior suit, by preference and priority over all other claims.

The defendant Thomas J. Boyle is a contractor and builder. He owned two lots of ground in the seventh district of the city of New Orleans. In the early part of August, 1925, he began the erection of two buildings on said lots. From the inception of the work until February 17, 1926, at which time the buildings were practically completed, R. L. Hill Lumber Company, Inc., furnished and delivered lumber and material to Boyle, which was used in the construction of the buildings. Under a contract with Boyle, dated January 19, 1926, Edward McGregor furnished the labor and material and installed the plumbing and sewerage in the premises. When the buildings were completed, Boyle owed the R. L. Hill Lumber Company, Inc., a balance on their account for lumber and material of $2,022.82, and he owed Edward McGregor $550, the contract price for installing the plumbing and sewerage. R. L. Hill Lumber Company, Inc., and Edward McGregor timely and properly recorded liens upon the properties for the amounts stated. R. L. Hill Lumber Company, Inc., served a copy of its affidavit and itemized account upon Thomas J. Boyle and the Conservative Homestead Association. Edward McGregor served a copy of his affidavit and itemized account upon Thomas J. Boyle only.

On January 13, 1926, prior to the inscription of the aforesaid liens, and while the buildings were in course of construction, Thomas J. Boyle transferred the property to the Conservative Homestead Association and on the same day reacquired it from said association for $11,600, for which sum the vendor retained a mortgage and vendor's lien upon the property. On August 23, 1927, the Conservative Homestead Association foreclosed this mortgage. Prior to the foreclosure of the mortgage, and within one year after the completion of the buildings, the R. L. Hill Lumber Company, Inc., and Edward McGregor, filed suits against Thomas J. Boyle, upon their attested and recorded itemized accounts. In each suit a judgment was rendered in favor of the plaintiff for the full amount claimed therein, together with interest thereon and costs of the suit, and recognizing and maintaining the claimant's lien

and privilege upon the properties for said sums, interest, and costs. These liens were merged into judgments, and it is the costs in those suits, in addition to the costs in the present suit, that are awarded R. L. Hill Lumber Company, Inc., and Edward McGregor, in the judgment rendered herein.

The facts of the case are beyond dispute, and appellant does not question the doctrine established in the cases of Capital Building & Loan Association v. Carter, 164 La. 388, 113 So. 886, and Central Lumber Co. v. Schroeder, 164 La. 759, 114 So. 644.

■ This case is governed by section 11 of Act No. 139 of 1922, which was in force when the material was furnished and the work was done as itemized in the recorded liens of R. L. Hill Lumber Company, Inc., and Edward McGregor. The section is as follows:

"Section 11. Whenever the owner or his authorized agent or representative undertakes the repair, reconstruction, erection or construction of a building or any other work for his own account or for which no contract has been entered into, then any person furnishing services or material or performing any labor on said building or other structure, may record in the Mortgage Office in the Parish in which said work is being constructed, a certified copy of the building permit, or affidavit of claim or any other writing evidencing same, which recordation shall create a lien and privilege upon the building or other structure and on the land upon which it is situated, as created by this Act, in favor of the said contractor, master mechanic or contracting engineer, and sub-contractors, workmen, journeymen, cartmen, truckmen, and furnishers of material, as their interest may arise, for the period of one year from the completion or occupancy of the building or other work which term shall not run pending judicial proceedings."

Appellant bases its appeal upon two contentions, viz.: That the following words of section 11 of the Act: "Which recordation shall create a lien and privilege, * * * for the period of one year"—are to be applied in favor of every party whose interest may be affected by the lienor's assertion of his claim; and that the words, "which term shall not run pending judicial proceedings," must be interpreted as meaning proceedings against all parties who have a right to be heard, that the proceedings contemplated by the Legislature must have been proceedings in rem to enforce the lien, and therefore every one having an interest in the res was a necessary party to the suit.

In support of these contentions, appellant's counsel have cited many decisions from states other than Louisiana, which are not applicable to the case at bar, for the reason that those decisions were rendered in states having statutory provisions requiring claimants to make other lienors parties to the suit. No such provision is to be found in the statutes of this state. The rule in states having such statutory provisions is given in C. J. § 526, vol. 40, p. 388, but in connection with the stated rule it is said:

"However, this rule has been held not to apply to subsequent encumbrances in the absence of a statutory requirement that they be made parties to the lien proceedings."

In section 554 of the same volume of Corpus Juris, at page 404, it is said:

"A subsequent mortgagee is not in the absence of a statute a necessary party, although he may be joined and if not joined, his rights, whatever they may be, are not affected."

Counsel for appellant cite four Louisiana cases. It is not necessary to comment upon these decisions, for counsel admit that they have found no decision of an appellate court of this state which bears upon the point for which they are contending.

■ It is our opinion that, in this state, a subsequent mortgagee is not a necessary party to a timely suit brought by a lienor to have his recorded lien recognized by a decree of a competent court.

If we are correct in this conclusion, appellant's contentions must fall, for they are predicated upon the theory, supported by the common-law authorities referred to supra, that all parties having an interest in the res must be made parties to such a suit.

■■ We quote with approval from the supplemental brief of counsel for R. L. Hill Lumber Company, Inc., the following:

"The mortgage and vendor's privilege of Conservative Homestead Association was taken after the work started and after the lien rights had attached to the property. Although the liens were filed at a time subsequent to the recording of the mortgage, the liens reverted back to the beginning of the work and the mortgage, therefore, is a subsequent encumbrance. * * *

"Laws creating liens and privileges must be strictly construed and the court can neither add thereto nor detract therefrom. The Act does not provide that the mortgagee or holder of a vendor's privilege must be made a party to a suit thereunder, and therefore, such a provision cannot be read into the law by the courts."

For the reasons stated, the judgment appealed from is affirmed, at appellant's cost.