PONDER, Justice.
 

 On June 11, 1929 the Washburn Land Company, Inc., brought a suit against the Latex Investment Company, Inc., et al. on a building contract asking for a concursus, for the cancellation of certain liens and mortgages, for damages for breach of contract and for attorney’s fees. The case was tried on July 15, 1931 and judgment was rendered awarding the plaintiff damages in the sum of $43,181 against the Latex Investment Company and Joe B. White, reserving to the plaintiff all rights against the other defendant, Jay Simmons, and the judgment ordered the cancellation of notice of pendency of suit filed by the plaintiff and recorded in mortgage book 190, page 1, of the records of Caddo Parish, Louisiana. From this judgment no appeal was taken and the judgment has long since become final. It appears that the plaintiff filed two notices of lis pendens, the one ordered cancelled in the judgment and one of date, January 11, 1929, recorded in mortgage book 182, page 249. On June 12, 1929 the Latex Investment Company, Inc., transferred the real estate mentioned in the lis pendens to A. M. White, by cash sale, deed recorded in conveyance book 279, page 222. On September 6, 1929 the same property was transferred by cash sale from A. M. White to R. D. Tilly, deed recorded in conveyance book 281, page 118 of the conveyance records of Caddo Parish. On February 1, 1935 A. M. White executed a correction deed of the same property to R. D. Tilly, deed recorded conveyance book 329, page 849. On May 20, 1938 H. T. Austermell, testamentary executor of the succession of R. D. Tilly, the said R. D. Tilly having died, brought mandamus proceedings against the clerk of court and ex-officio recorder of mortgages seeking the cancellation of the instrument purporting to be a lis pendens, making the Washburn Land Company, Inc., a party to the proceedings. The Washburn Land Company, Inc., filed an exception of no cause of action to this proceeding based on two contentions. First, that Article 610 of the Code of Practice did not permit a suit of this nature to be brought by rule but must be brought by petition and citation in order that the whole question might be presented and a judgment rendered which would bind the paities. Second, that the testamentary executor, not having any interest himself in the litigation, could not bring an act of this nature and that the administrator of a succession cannot bring a suit to recover real estate when there were no debts and the heirs in the parish have accepted the succession, citing Succession of Preston v. Brady, 125 La. 535, 51 So. 579. On the 25th day of May 1938 the exception of no cause of action was argued and the court deferred ruling on exception until the trial of the rule. The counsel for the Washburn Land Company, Inc., gave notice of intention to apply to this Court for the writs of certiorari, prohibition and mandamus. On the same date the court heard the rule, the evidence being adduced and the matter argued and submitted. On May 26, 1938 the rule was made absolute and the court rendered judgment ordering the clerk to cancel the instrument from the mortgage rec
 
 *311
 
 ords. Motion for a rehearing was filed, heard and overruled. On June 7, 1938 the Washburn Land Company, Inc., moved for orders of suspensive and devolutive appeal to this Court. The lower court refused an appeal on the ground that the mover had no interest in the notice of lis pendens. The matter now comes to us on writs of certiorari, prohibition and mandamus seeking an order for an appeal.
 

 The judgment ordering the cancellation was rendered against the clerk and ex-officio recorder of mortgages only, ordering the cancellation of the mortgage and no costs were assessed to anyone. The lower court in its reasons for judgment gave the following reasons for refusing the appeal:
 

 “A notice of lis pendens is merely notice to third persons of the pendency of a suit. It creates no lien to third persons of the pendency of a suit. It creates no lien and confers no substantive right.
 

 “When the suit is terminated by a final judgment the notice necessarily becomes of no effect. The rights of the parties are fixed by the judgment which itself should be recorded to protect those rights.
 

 “In Corpus Juris, Vol. 38, p. 46, sec. 79, we find:
 

 “ ‘While it has been held that since lis pendens terminates with the final judgment or decree, no order discharging a notice of record is necessary, the statutes ordinarily provide therefor in the case of a final disposition of the action, and ordinarily it is a- ground for cancellation that a final judgment has been rendered and the-time for an appeal therefrom has expired.’
 

 “Section 62 of the same authority, on page 38, holds:
 

 “ ‘The rule of lis pendens continues operative during the pendency of the action or suit and until its final determination.’
 

 “This is recognized in Louisiana by Act No. 22 of 1904, which provides in section 3:
 

 “ ‘That in the rendition of judgment in such suit or action, if judgment be given against plaintiff’s claim, it shall provide for the cancellation of said notice at plaintiff’s expense and as part of the costs of suit.’
 

 “This is not the exclusive remedy. It merely provides a way of securing the cancellation at the expense of plaintiff. It is a recognition of the rule that all rights under a notice of lis pendens expire with the finality of judgment.
 

 “In Bickham v. Bethany, 187 La. 709, 175 So. 465, after showing that the only purpose of lis pendens is to give notice, the Court said in regard to section 3 of the Act:
 

 “ ‘It, therefore, follows that the act requires the carrying on of the suit to judgment, and while it is the mandatory duty of the court to cancel the notice of lis pen-dens if judgment is rendered by it against the claims or demands of the plaintiff, the court is without authority to do so until the suit is disposed of.’ [page 467.]
 

 “It follows that the duty being mandatory, the Court has no discretion in the matter after final judgment.
 

 
 *313
 
 “ ‘Said Act No. 22 has brought no change in our law, except that, whereas, formerly, third persons dealing with property involved in litigation had to take notice of the pendency of the litigation without registry (article 2453, Rev.Civ.Code), now, under said act, they are not required to do so, unless the notice prescribed by the act has been duly recorded.’ So the effect of the lis pendens terminates with final judgment in the suit. Continental Securities Corp’n v. Wetherbee, 187 La. 773, 175 So. 571, 582.
 

 “In the above case it was held, that notice of lis pendens cannot be filed after judgment as the effect of such filing would be that of a suspensive appeal.
 

 “So in the present case there being no basis for the fixing of a suspensive bond, to allow the appeal asked for would suspend the cancellation, and prolong the effect of a completely null and defunct cloud on' plaintiff’s title upon the giving of a merely nominal bond for costs.
 

 “But we are satisfied that applicant is not entitled to any appeal. It was merely a nominal party to the action. No judgment whatever even for costs was rendered against it.
 

 “It is well settled that a party cannot appeal unless it may be benefited by a change in the judgment.
 

 “If the lower court should be reversed in this matter, how would defendant profit ? Surely not by the continuance on the records of a futile and dead and false notice that a suit is pending that has long since terminated and ceased to pend. It is a case where the allowance of an appeal would injure plaintiff by continuing a cloud on his title and benefit defendant not at all.
 

 “ ‘An appellant may be said to have no interest in his appeal only when he cannot benefit by a change in the judgment which he appeals.’ Bevona v. Fontana, Teiss. Orleans App.Dig. p. 13, Orleans No. 7981.
 

 “ ‘It may be stated as a well-settled general rule that the existence of an actual controversy is an essential requisite to appellate jurisdiction.’ 3 Corpus Juris 357.
 

 “The Supreme Court will not consider an appeal where they can grant no practical relief. Sennette v. Police Jury, 129 La. 728, 56 So. 653.
 

 “Where a judgment works no injury to appellant his appeal will be dismissed. Xavier Realty Company v. Louisiana Ry. & Nav. Co., 115 La. 343, 39 So. 6.
 

 “To warrant the action of courts there 'must be presented some real right in actual contestation. State ex rel. Marr v. Otero, 52 La.Ann. 1, 26 So. 812.
 

 “ ‘A cardinal principle, which applies alike to every person desiring to appeal whether a party to the record or not, is that he must have an interest in the subject matter of the litigation, otherwise he can have no' standing to appeal. And not •only must a party desiring to appeal have an interest in the particular question litigated, but his interest must be immediate and pecuniary and not a remote consequence of the judgment. The interest must also be substantial and a merely nominal
 
 *315
 
 party to the action cannot appeal.’ 2 R.C. L. 52, Appeal
 
 &
 
 Error, sec. 33.
 

 “ ‘The record must show that the party complaining was aggrieved by the judgment, .as a reviewing Court cannot hear evidence to determine that question. The damages or grievance which entitles a party to a writ of error or appeal within this rule must be a direct and positive one, effected by the judgment, concluding and acting upon his rights.’ 2 R.C.L. Appeal & Error, sec. 34.
 

 “The record herein shows that the judgment in the case affected by the lis pendens has long since become final. No interest of any kind of defendant can be affected by the cancellation of the notice. No judgment has been rendered against it for cost or for anything else. It can be benefited in no way by a change in the judgment complained of. Its motion for an appeal is purely frivolous. To grant the . appeal would only work injury upon plaintiff against which he cannot be protected by an adequate bond.”
 

 We observe that the Washburn Land Company, Inc., during the pendency of the original suit filed two notices of lis pendens. We find in the judgment disposing of that suit that the notice of lis pendens was ordered cancelled and referred to the one recorded at a different place in the mortgage records than the one contested herein. We take it that when the judgment ordered the cancellation of the lis pendens it had the effect of cancelling both instruments. Surely a plaintiff cannot clutter the records with such notices and after a judgment has been rendered ordering the cancellation of lis pendens spring up another like instrument and urge any rights thereunder. In the first place the notice herein of lis pendens does not comply with the provisions of Act No. 22 of 1904 for the reason that in the suit the Washburn Land Company, Inc., did not bring an action which would affect the title of the immovable property or assert any mortgage thereon. Consequently the notice was of no effect in the first instance. In the second place if the notice had been of any effect when the court ordered the cancellation in the original judgment it fell as well as the other notice filed by the Washburn Land Company for it was a mere duplication. This Court is reluctant to deny anyone an appeal where there is any probability of any gain on their behalf or any interest to subserve, but this Court does not feel disposed to grant an appeal to pass on a moot question. This is the second writ that has been applied for to this Court in this case on this question and if we granted an appeal it would be three times that this matter would come before us on purely a moot question.
 

 For the reasons assigned the rule is dismissed at relator’s cost, and the writs issued herein are recalled.