201 So.2d 125 (1967)
McGILL CORPORATION
v.
DOLESE CONCRETE COMPANY et al.
No. 7072.
Court of Appeal of Louisiana, First Circuit.
May 29, 1967.
Rehearing Denied June 30, 1967.
*127 Seale, Smith & Baine, Baton Rouge, for appellant.
George S. Womack, Laycock & Stewart, Ben Harvey, Baton Rouge, for appellees.
Before LANDRY, ELLIS and BAILES, JJ.
LANDRY, Judge.
Plaintiff, McGill Corporation (McGill), has taken this appeal from the judgment of the trial court dismissing its rule to cancel sixteen laborers' and materialmen's liens affecting its property. The issue to be resolved is whether the filing of a single claim gives rise to a laborer's or materialman's lien on the whole of each of two adjoining tracts where the construction consists of an apartment complex erected entirely on one lot and a driveway situated on a 20 foot strip of the adjoining lot. The trial court held the liens attached to the whole of each lot involved. In so ruling, we think our brother below fell into error inasmuch as we find the liens attach only to the 20 foot portion of the adjoining lot on which the driveway is situated.
Appellant's premises are designated as Lot 1, Plantation Trace Subdivision, East Baton Rouge Parish, which property is contiguous to and north of Lot A of said same subdivision, Lot A being the property of Ernest R. Eanes, Jr. (Eanes). Pursuant to an unrecorded contract, Buddy R. Eanes Builders, Inc. (Eanes, Inc.) undertook to build for Eanes an apartment complex on Lot A. Upon application for a permit to build the proposed work, the local governmental agency involved declined to grant the application due to the insufficiency of ingress and egress to the parking area proposed to be located at the rear of Lot A. Consequently, on June 23, 1965, Eanes acquired from McGill (owner of Lots 1 and adjoining Lot 2), a perpetual servitude of passage over the southern 20 feet of Lot 1 and a similar portion of Lot 2, to provide the necessary ingress and egress to the aforementioned parking area. The servitude was granted by McGill for the mutual benefit of Lots A, 1 and 2. A servitude, however, proved unacceptable to the governing authority which required that Eanes acquire title to Lot 1. Eanes then secured from McGill an act of cash sale, dated and recorded July 26, 1965, wherein the latter transferred to the former the whole of Lot 1 for the recited consideration of $30,000.00. *128 Subsequently, by instrument dated July 27, 1965, recorded July 28, 1965, Eanes ratified the servitude acquired July 23, 1965, and therein declared the servitude thus obtained was not personal to him but redounded to the benefit of Lots A, 1 and 2. The necessary permit was issued August 5, 1965, and construction commenced. At this time fee title of both Lots A and 1 stood in Eanes' name as reflected by the public records. Title to Lot 1 remained in Eanes' name all during the construction period. However, at the time of confecting the sale of Lot 1, McGill simultaneously secured from Eanes a counter letter stating in effect the sale was a simulation and that title to Lot 1 remained in McGill who obligated himself to return title to McGill within eight months. Pursuant to this counter letter, Eanes reconveyed Lot 1 to McGill by act dated and recorded June 13, 1966.
Defendants in rule maintain they performed labor and sold and delivered materials to Eanes as owner of Eanes, Inc., and duly filed liens against the property upon which the labor was performed and for which material was furnished. By stipulation it appears the last building materials purchased by Eanes, Inc., was sold by Dolese Concrete Company on March 10, 1966, and the last work performed by Eanes, Inc. on the apartments occurred during the week ending March 25, 1966. The last of the 16 liens involved herein was filed May 3, 1966.
The issue before us is whether this matter is controlled by the provisions of LSA-R.S. 9:4812 or LSA-R.S. 9:4816.
The construction contract in question being unrecorded, liens against the work, according to the provisions of LSA-R.S. 9:4812, are timely filed if recorded within 60 days of the date of furnishing all material delivered to the work or the performance of all labor on the project. Lienors contended below, and the trial court so held, that all liens being filed within 60 days of the date of performance of the last work by the contractor on the apartments were timely filed and affected both Lot A on which the apartments were erected and also the whole of Lot 1, since the driveway was constructed on a portion thereof.
Appellant maintains, however, that work was completed on the driveway situated on Lot 1 on January 12, 1966, as shown by a stipulation to that effect appearing of record. Appellant further contends that since none of the liens were recorded within 60 days of completion of the driveway, they do not affect Lot 1 because of the provisions of LSA-R.S. 9:4816, the applicable portion of which reads as follows:
"Any person furnishing service or material or performing any labor for the contemporaneous or continuous construction or improvement by the same general contractor of two or more buildings or works situated on adjacent lots or parcels of ground owned by the same person may file a single privilege upon all of said buildings or works and upon the lands upon which they are situated, whether said constructions or improvements be made under one or several contracts, provided that such privilege shall not attach to or bear upon any building or upon the land upon which it is situated, where all material and services have been furnished and all labor has been performed upon that particular building or portion of land upon which it is situated, more than 60 days prior to the filing of said privilege. * * *"
In so contending, appellant concedes the validity of a lien filed within 60 days of the performance of the last work on a construction project, nevertheless appellant argues LSA-R.S. 9:4816 is a special provision permitting laborers and materialmen to file a single lien affecting multiple building sites. In such instance, appellant contends the single lien affects only those lots or building sites with respect to which labor was performed or material furnished within 60 days of the date the lien was filed. On this premise, appellant avers that since all liens were filed herein more than *129 60 days subsequent to completion of the driveway, all should be declared ineffective insofar as they purport to attach to Lot 1 or any portion thereof.
LSA-R.S. 9:4801-4842, inclusive, being in derogation of common rights, must be strictly construed. Conservative Homestead Association v. Boyle, 172 La. 878, 135 So. 663.
A careful reading of the terms of LSA-R.S. 9:4816 (A) leads to the conclusion it is intended to apply to those instances wherein two or more separate buildings or works are constructed by the same general contractor on adjacent lands owned by a common proprietor, and at least one separate building or work is situated on each of the adjacent tracts involved. In such instances, the laborer or furnisher of materials who has performed work upon any of the buildings involved may file a single lien which attaches to all such buildings and their sites, provided that as to each separate building and site, the lien shall attach only when filed within 60 days of the furnishing of the last material for or the performance of the last work upon the individual building or work.
While we are not necessarily in accord with each and every pronouncement contained in Bernard Lumber Company v. John F. Cerise Co., La.App., 148 So.2d 819, writ refused, 244 La. 143, 150 So.2d 767, we are in agreement with that portion of the cited authority which holds that LSA-R.S. 9:4816 (A) is intended primarily for application in cases involving subdivision development. The reasons for its application in such instances is the protection of laborers and materialmen who perform services on or furnish material for multiple construction projects under circumstances such that they could not reasonably be expected to identify the precise labor performed or material furnished for each individual building or work. See Legislative Symposium, The 1958 Regular Session, Civil Code and Related Subjects: Part II, Joseph Dainow, XIX La. Law Review, Page 65, at Page 68, Building Construction Privileges.
While we believe the provisions of LSA-R.S. 9:4816 (A) are not necessarily limited to subdivision development, we nevertheless find its terms are not applicable to the case at bar as contended by appellant
Although the evidence supports the conclusion the apartment complex in question contains more than one building, it neverless appears all the buildings were situated upon a single lot, namely, Lot A, belonging to Eanes. No building, nor even a portion of a building, was constructed on the servitude area acquired as an adjunct or accessory to the apartment complex. It was never Eanes' intention to construct any building on any portion of Lot 1. On the contrary, it is clear that Eanes acquired the servitude solely because compelled to do so by the local licensing authority which demanded adequate ingress and egress to the parking area located at the rear of Lot A.
The servitude, therefore, became a component or unit of the single project, namely, the apartment and appurtenances erected on Lot A. There was in reality only one project consisting in part of the driveway on the servitude area, said driveway being merely an integral part or segment of the single work. The driveway standing alone on Lot 1 cannot, under the circumstances obtaining herein, be considered a contemporaneous construction of an additional building or work in order to fulfill the statutory requirement of simultaneous or consecutive erection of two or more buildings or works.
Having concluded there is but one work, or one construction, it follows the provisions of LSA-R.S. 9:4812 are decisive of the issues before us.
Pursuant to LSA-R.S. 9:4812, the completion date of the driveway is as immaterial as is the completion date of any *130 other single aspect of the project such as the plumbing, electrical work or painting, provided the completion date of either of such elements be not the completion date of the project. It is settled that liens filed pursuant to the applicable statute are timely filed if recorded within 60 days of the date of either the performance of the last work or the furnishing of the last material, irrespective of by whom performed or furnished. National Homestead Association v. Graham, 176 La. 1062, 147 So. 348; Gueydan Lumber Yard v. Reinwald, La. App., 91 So.2d 39.
We believe, however, the liens in question must be limited or restricted in effect to that portion of Lot 1 on which the servitude is situated. LSA-R.S. 9:4801 (A) confers a privilege to the laborer and materialman "upon the land and the improvements on which the work or labor has been done or the materials * * * furnished." Similarly the applicable statute LSA-R.S. 9:4812 grants the privilege "upon the building or other structure and upon the land upon which it is situated * * *."
Our own independent research has failed to disclose any case in which the phrase "upon the land * * * on which the work or labor has been done or the materials * * * furnished", as used in the applicable statute, has been judicially interpreted.
We believe, and so hold, that the obvious intent of LSA-R.S. 9:4812 is to accord the laborer and materialman a lien on the land which comprises the construction site of the building or work concerned. In the instant matter we entertain little doubt but that Eanes intended the construction site to consist not only of Lot A but also of that portion of Lot 1 over which Eanes secured the initial servitude for the purpose of constructing the driveway required as an appurtenance to the principal structure, namely, the apartment complex. The remainder of Lot 1 was never intended to comprise a portion of the construction site, nor was any building or structure erected thereon. It follows, therefore, that the claims of lienors must be limited and restricted to that portion of Lot 1 comprising the servitude area upon which the driveway is situated.
Accordingly, the judgment of the trial court shall be and the same is hereby amended in that the liens therein recognized are held to affect only Lot A and that portion of Lot 1 upon which the servitude was obtained by Eanes. In all other respects, the judgment of the lower court is affirmed.
Lienors are cast in solido for the costs of this appeal; costs of the trial court to be paid by appellant, McGill Corporation.
Amended and affirmed.