BARNETTE, Judge.
This is an appeal from a judgment rendered in a mandamus proceeding ordering the Clerk of Court for the Parish of Jefferson to cancel and erase from the mortgage records of his office a certain recorded lien.
The proceeding was brought by The National Bank of Commerce in New Orleans (hereinafter referred to as NBC) against William M. Justice, Clerk of Court and Ex Officio Recorder of Mortgages for the Parish of Jefferson, to order the cancellation of a certain labor and materialmen’s lien recorded on December 9, 1966, by L.C. McCulley. McCulley intervened in the proceeding in opposition to the petition for cancellation of the lien and has appealed from the judgment ordering the cancellation over his opposition.
Westwood Construction Company, Inc., as owner of certain property subdivided for residential development in Jefferson Parish, entered into three building contracts with Westwood Homes, Inc., wherein Westwood Homes, Inc., agreed to construct a specific number of houses on the subject property. Among other provisions of the contract, NBC was named as the lending agency for financing the proposed development. As a party having a substantial interest in the completion of the construction project, NBC was given the right to file the notice of default of the building contractor, as provided by LSA-R.S. 9:4802, and the option to enter upon the premises and complete the work as required by the contract. This contract was filed in the mortgage records of Jefferson Parish; however no bond was filed with it.
Westwood Homes, Inc., and Westwood Construction Company, Inc., failed to complete the project, except for work on one lot described below, in accordance with the contract. NBC, in order to protect its interest as mortgagee, exercised its option. After filing on October 14, 1966, the requisite notices of default in the office of the clerk of court, NBC proceeded to complete construction on each of the lots in question. It also proceeded by executory process and foreclosed on 11 separate mortgages. The property was bought by NBC at the sheriff’s sale pursuant to the foreclosure proceedings on November 2, 1966.
In the meantime McCulley had filed suit on August 5, 1966, against Westwood Homes, Inc., and Westwood Construction Company, Inc., for the sum of $22,269.60 alleged to be due for dirt hauled by him in preparation of the construction site. A notice of lis pendens was filed by Mc-Culley on August 15. A judgment by default was obtained by McCulley in the amount prayed and was filed in the mortgage records of Jefferson Parish on September 8, 1966. McCulley did not pray for a lien or privilege on the subject property, as an element of this suit, and none was ordered in the judgment.
On December 9, 1966, McCulley filed in the mortgage records of Jefferson Parish an affidavit asserting a labor and material-men’s lien and privilege against the subject property in the amount of his judgment, $22,269.60. It is this asserted lien and privilege which is the subject of this litigation.
*714 The plaintiff, NBC, based its mandamus action on the contention that this purported lien failed to meet the requirements of the provisions of LSA-R.S. 9:4802 and 9:4806, in that it was not timely filed. It pointed out the affidavit was filed more than 30 days after the notices of default of October 14,1966, were recorded.
The pertinent parts of LSA-R.S. 9:4806 provides:
“If the bond is found to be insufficient * * * or if no bond has been furnished or recorded within the time hereinbefore provided, but the contract has been timely recorded, the owner shall be personally liable to * * * furnish-ers of material * * * who recorded and served their claims as provided in R.S. 9:4802, to the same extent as is the contractor * *
LSA-R.S. 9:4802 provides in pertinent parts:
“Every contract hereafter entered into for the repair, reconstruction, erection, construction, or improvement of any work on immovable property by any undertaker, general contractor, master mechanic, or engineer, or other person * * * shall be reduced to writing, signed by the parties thereto by an authentic act or under private signature, and shall be recorded in the office of the clerk of court or the recorder of mortgages of the parish * * * before the date fixed on which the work is to commence and not more than thirty days after the date of the said contract. Such recordation shall preserve the privileges on the building or other work of improvement, and on the land on which it is situated, in favor of every undertaker * * * or furnishers of material * * * Every person having a claim against the undertaker * * * shall serve upon the owner a sworn detailed statement of his claim, which service shall be effected by registered mail or personal service and shall record a sworn statement showing the total amount of his claim in the office of the clerk of court or recorder of mortgages for the parish in which the said work has been done, which service and recordation shall be made not later than thirty days after recordation in the office of the clerk of court or recorder of mortgages of said parish of notice of acceptance by the owner of the said work, or notice by the owner of the default of the said undertaker, contractor, master mechanic, or engineer, or other person undertaking such work. The delay within which to file claims shall not begin to run until * * * recordation of notice of default. If, at the expiration of the said period of thirty days, there are no such claims recorded, the clerk of court or recorder of mortgages, shall, upon the written demand of the owner or other party interested therein, cancel and erase from the books of his office the inscription of said contract * * * and all liability of the said owner for labor and material employed in the said work shall cease, and his property shall not thereafter be subject to privileges growing out of claims arising under the said building contract * *
Judgment below was rendered over the opposition of McCulley on the basis of McCulley’s failure to file timely his affidavit of lien and privilege, thus sustaining NBC’s contention, and the Hen was ordered canceled.
The appellant McCulley seeks reversal of the judgment on two bases. First he contends that the contract between Westwood Homes, Inc., and Westwood Construction Company, Inc., is null and void, and hence the recordation thereof is of no effect and the pertinent section of the statute relating to construction work without recorded contract is applicable. Thus, he argues, his lien could be filed at any time prior to 60 days from date of completion of the project or last performance of labor or delivery of materials, citing LSA-R.S. 9:4812. This contention of nullity is based on the assertion by Me- *715 Culley that the purported separate corporate identity of Westwood Homes, Inc., and Westwood Construction Company, Inc., is a mere fiction; that they are in reality wholly owned by the same parent corporation and therefore incapable of entering into a valid contract with each other, relying upon LSA-C.C. art. 1765. In support of this contention appellant has attached to his brief in this court certain exhibits relative to the corporate identity and the bankruptcy of said corporations. We can give no consideration to the exhibits since they are not a part of the record before us on this appeal. We must assume in the absence of anything to the contrary in the record that Westwood Homes, Inc., and Westwood Construction Company, Inc., are separate corporate entities capable of contracting with each other. We will therefore dismiss appellant’s first contention as being without merit on the record before us.
Appellant’s second basis of contention is that the notice of lis pendens filed August 15, 1966, fulfills the requirement of LSA-R.S. 9:4802 and that the lien affidavit filed December 9 was merely a restatement or reassertion of the substance of the notice of lis pendens and that as the lis pendens was timely filed it should effectively preserve his lien and privilege. The substance of his argument in support of this contention is that the suit to which the lis pendens notice related, and which must be read in connection therewith, alleged under oath all facts essential to meet the requirements of a lien affidavit.
A notice of lis pendens serves to give public notice, as the term implies, that a suit is pending against the named defendant seeking judgment as indicated in the notice. In the first place we have searched the record in vain for the alleged notice of lis pendens, which McCulley contends is filed in Mortgage Office Book 478, folio 466, of the records of Jefferson Parish, to determine its content. However, there seems to be little doubt that a notice was actually filed since appellee makes no contention to the contrary and agreed orally and in brief with appellant’s contention on this point. Assuming therefore that it was filed as alleged it served its purpose only until judgment in that suit was rendered and recorded. Thereafter the judgment itself was notice to the public. State ex rel. Washburn Land Co. v. Austermell, 191 La. 308, 185 So. 34 (1938). If the judgment did not recognize and preserve the lien, the notice of lis pendens could not supply that deficiency.
Furthermore, the statutes which created liens and privileges, and give them priority over certain conventional contractual rights, such as those established by recorded mortgages, are stricti juris and failure to meet every requirement of the statute renders the purported lien invalid. Conservative Homestead Ass’n v. Boyle, 172 La. 878, 135 So. 663 (1931); McGill Corporation v. Dolese Concrete Company, 201 So.2d 125 (La.App. 1st Cir. 1967); Capital Bank & T. Co. v. Broussard Paint & Wall. Co., 198 So.2d 204 (La.App. 1st Cir. 1967).
LSA-R.S. 9:4802 clearly and specifically sets forth the requirements for the filing and preservation of liens for labor and materials supplied on a construction project. The pertinent part of the statute as seen above is as follows:
“ * * * Every person having a claim against the undertaker * * * shall serve upon the owner a sworn detailed statement of his claim, which service shall be effected by registered mail or personal service and shall record a sworn statement showing the total amount of his claim in the office of the clerk of court or recorder of mortgages for the parish in which the said work has been done, which service and recordation shall be made not later than thirty days after recordation in the office of the clerk of court or recorder of mortgages of said parish of notice of acceptance by the owner of the said work, or notice by the owner of the default of the said undertaker, contractor, master mechanic, or *716 engineer, or other person undertaking such work. The delay within which to file claims shall not begin to run until the date of such recordation of acceptance by the said owner, or recordation of notice of default. * * * ”
Here McCulley is relying on a suit and lis pendens in which no mention or prayer was ever made of a purported lien and privilege on the property in question. Certainly he cannot seriously expect them to fulfill the requirements of LSA-R.S. 9:-4802 above. We have examined the cases cited by the appellant in support of his position and find them to he inapposite.
There is then but one element left for our consideration here. It appears from the record that construction on one of the lots mentioned above, affected by the recorded contract, was actually completed. In fact an acceptance by Westwood Construction Company, Inc., of the work done on this lot was filed in the mortgage records, and is included in the record before us. This acceptance was filed June 29, 1966. Clearly McCulley’s affidavit filed December 9, 1966, was not in time to effect a lien on this lot any more than on the other subject property. (See LSA-R.S. 9:4802 above.) Hence the affidavit as it affects this lot should also be canceled.
We must assume that McCulley supplied labor and material to the extent and of the value alleged. It is regrettable that his attempt to recover from the parties responsible has been unavailing. We recognize also the fact that the foreclosing mortgage creditor, NBC, who bought the property at sheriff’s sale, benefitted as the result of plaintiff’s labor and materials which substantially enhanced the value of the property subject to its mortgage, but no priority of lien or privilege can be recognized, except upon strict compliance with the provisions of the statute. This Mc-Culley failed to do and his opposition to the petition for cancellation of the lien must be rejected.
For these reasons the judgment appealed from is affirmed at appellant’s cost.
Affirmed.