WILLIAMS, Judge.
This is an appeal from a judgment of the trial court finding defendants Jim Howard, d/b/a Tom Black & Associates and Francis J. Demarest, Recorder of Mortgages for Orleans Parish, liable to the plaintiff Keller Supply, Inc. [“Keller”], for $3,201.16.
Plaintiff Keller sold plumbing supplies to Jim Howard, who was doing business under the name of Tom Black & Associates, at two job sites under construction by First National Home Builders, Inc. [“First National”]. First National had recorded its building contract for the lots under construction in the Mortgage Office for Orleans Parish. Defendant Howard failed to pay for the plumbing supplies, and on February 5, 1979, Keller filed liens in the Orleans Parish Mortgage Office against the lots on which the construction was located. On August 21,1979, a suit on open account was filed in Civil District Court for Orleans Parish and a notice of the filing of the suit was filed in the Orleans Parish Mortgage Office on the same day. On March 19, 1980, the liens were cancelled by the Mortgage Office pursuant to a letter from the attorney for First National requesting the cancellation. Upon discovery of this cancellation, the plaintiff filed a supplemental petition joining Francis J. Demarest, Recorder of Mortgages for Orleans Parish as an additional defendant to this action.[1]
At the time that this cause of action arose, La.R.S. 9:4801(b) provided:
“(b) The claim recorded as above set forth, shall preserve the privilege against the property for a period of one year from the date of its recordation and may be enforced by a civil action by any court of competent jurisdiction in the parish in which the land is situated and such cause of action shall prescribe within one year of the recordation of the claim in the mortgage records of the Office of Clerk of Court of Recorder of Mortgages. The effect of the recordation of the claim shall cease and the privilege preserved by this recordation shall preempt unless a notice of filing of suit (giving the name of the court, the title and number of the proceedings and date of filing, a description of the property and a reference to the recorded contract) on said claim is recorded within one year of the date of the recordation of the inscription of said claim. Such notice of filing suit shall preserve the privilege until the court in which the suit is filed shall order the cancellation of the inscription of the said claim until the claimant authorizes the Clerk of Court of Recorder of Mortgages to cancel the said inscriptions”[2].
After a trial on the merits, the district court found that Keller had preserved its liens against the property and held both Howard and the Recorder of Mortgages liable to Keller for $3,201.26. Defendant Demarest has appealed this decision.
Defendant Demarest argues that the notice of the pending lawsuit contained no reference to the liens filed on February 5, 1979, and because more than a year had elapsed since the filing of these liens, he cancelled them. To support his position, Demarest relies upon our decision in National Bank of Commerce v. Justice, 212 So.2d 711 (La.App. 4th Cir. 1968).
We find National Bank of Commerce to be inapplicable to the facts in the instant case. In National Bank of Commerce, a labor and materialmen’s lien and privilege was not filed timely and was filed after a default judgment had been taken. The default judgment did not recognize a lien and privilege. The court rejected the argument that a suit and lis pendens in which no *880 mention of a lien or privilege was made satisfied the requirements of La.R.S. 9:4802. The facts of the case now before us present a totally different issue.
La.R.S. 9:4802(b) did not require that a direct reference be made to the lien in the notice of filing of suit. The only information required by the statute to be contained in the notice was: (1) the name of the court; (2) the title and number of the proceeding^); (3) the date of the filing; (4) a description of the property against which this notice is being filed; and (5) a reference to the recorded contract. The exhibits introduced at trial by plaintiff show that all of the requirements were met by the plaintiffs. To require that the notice of the suit include information about the lien recordation would be to add an additional statutory requirement.
Based on these reasons, the Recorder of Mortgages was in error in allowing the cancellation of the lien filed by the plaintiff, and, therefore, is liable to the plaintiff for the damages it suffered by such cancellation. The judgment of the trial court is affirmed.
AFFIRMED.

. The plaintiff also sued First National because it had failed to furnish a bond for the lien on one of the lots and Travelers Indemnity Co. that had written the bond on the other lot. Demarest filed a Third Party Petition against First National and its attorney who had requested the cancellation of the liens. The trial judge dismissed these claims.

. In 1981, this provision was superseded by a new enactment of this statute. We are bound, however, to follow the law that was applicable in the court below.