DOUCET, Judge.
The question presented in this appeal is whether a notice of lis pendens is effectively cancelled by a judgment dismissing plaintiff’s suit when the judgment does not contain an order directing cancellation of the notice of lis pendens pursuant to LSA-C. C.P. Art. 3753. We reverse the trial court’s grant of defendant’s motion for summary judgment and remand.
The plaintiff, Bryan J. Sloane, Jr., originally filed suit on February 10,1977 against Edward Mike Davis seeking to be declared owner of a certain oil, gas and mineral interest on the basis of an employment contract with Davis. On May 17, 1977, plaintiff filed a notice of lis pendens in the mortgage records of the Clerk of Court of Cameron Parish. Subsequently, on June 2, 1977, an instrument entitled “A Trust Indenture” was filed with the Clerk’s office wherein Edward Mike Davis conveyed an overriding royalty interest, on the property identified by the notice of lis pendens, to a trust known as “The Edward Mike Davis Employee Incentive Trust”. The cause against Davis was tried and by judgment dated May 22,1980 the plaintiff’s claim was dismissed. The judgment of dismissal, ordered prepared by defense counsel, did not order the cancellation of the notice of lis pendens nor was any judgment subsequently entered in the trial court ordering the lis pendens be cancelled. The plaintiff appealed devolutively and the judgment of the lower court was reversed and remanded by this Court on April 15, 1981. Sloane v. Davis, 397 So.2d 1376 (La.App. 3rd Cir. 1981).
Upon remand the lower court ordered the plaintiff to join as defendant any person who claimed an interest in the mineral interest that was the subject of the suit. The plaintiff objected to the order and, subject to the objection, then made the Trust a defendant. Thereafter, the Trust filed a Motion for Summary Judgment based on the theory that the notice of lis pendens filed by the plaintiff was effectively can-celled by the original judgment of the trial court from which the plaintiff appealed de-volutively, rather than suspensively. The trial judge sustained the motion. From that judgment, plaintiff has perfected this suspensive and devolutive appeal.
LSA-C.C.P. Art. 3753 provides:
Art. 3753. Cancellation of notice of pendency
When judgment is rendered in the action or proceeding against the party who filed the notice of the pendency thereof, the judgment shall order the cancellation of the notice at the expense of the party who filed it, and as part of the costs of the action or proceeding, (emphasis added)
The article is clear: the trial court is directed to order cancellation of the notice of lis pendens upon dismissal of plaintiff’s *376 action. “... [0]ur interpretation of the statute requires that a judgment of dismissal order cancellation of a timely filed notice ...” Noe v. Roussel, 310 So.2d 806, at 822 (La.1975). See also: Continental Securities Corp. v. Wetherbee, 187 La. 773, 175 So. 571 (La.1937).
Appellee’s reliance on State v. Austermell, 191 La. 308, 185 So. 34 (La.1938) is misplaced. In Austermell the plaintiff filed two separate notices of lis pendens and the j'udgment of the trial court against the plaintiff ordered the cancellation of one of the notices. The Supreme Court found the judgment ordering the cancellation of lis pendens had the effect of cancelling both instruments, reasoning that “... a plaintiff cannot clutter the records with such notices and after a judgment has been rendered ordering the cancellation of a lis pendens spring up another like instrument and urge any rights thereunder.” 185 So. at 36.
Inasmuch as defendant failed to secure an order pursuant to C.C.P. Art. 3753, the notice of lis pendens remained in effect and the Summary Judgment must be reversed.
For the reasons assigned, the judgment appealed is reversed and the cause remanded. Appellee is cast with costs of this appeal.
REVERSED AND REMANDED.